UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROY TAYLOR

_____

_____
                                    PLAINTIFF
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

NYPD OFFICER ALYSSA TriGueno
NYPD SGT Michael DunLavey
BIKERS C.O. QUAYYUM
CITY OF NEW YORK

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

RECEIVED
SDNY PRO SE OFFICE

2016 FEB -9 AM II: 09

S.D. OF N.Y.

**COMPLAINT**
under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial:  ☒ Yes  ☐ No

(check one)

# 16CV1143

I.    **Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name  ROY TAYLOR  R.T.                    ADDRESS
             ID #  ~~SR945E2659~~                95 OLD BROADWAY #6C
             Current Institution ~~BLDG 6 BIKERS~~      NY NY 10027
             Address ~~_____~~

B.    List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name  P.O. ALYSSA TriGeno         Shield # _____
                   Where Currently Employed  NYPD 28TH PRECIENCT
                   Address          2271-89 AVENUE
                                    NY NY 10027

Defendant No. 2      Name ~~Sgt.~~ 28TH PRECIENCT NYPD SGT Dunlavey Michael / Shield # _____
                     Where Currently Employed   2271-89 AVENUE   /   28TH PRECIENCT
                     Address _____   2271-89 AVENUE _____
                     _____   NY NY 10027 _____

Defendant No. 3      Name   RIKERS C.O. QUAYYUM _____ Shield # 9600
                     Where Currently Employed   RIKERS ISLAND RNDC _____
                     Address _____   11-11 HAZEN STREET _____
                     _____   EAST ELMHURST, NY 11370 _____

Defendant No. 4      Name   CITY OF NEW YORK _____
                     _____ Shield # _____
                     Where Currently Employed   NYC LAW DEPT CORP COUNSEL __
                     Address _____   100 CHURCH STREET _____
                     _____   NY NY 10007 _____

Defendant No. 5      Name _____ Shield # _____
                     Where Currently Employed _____
                     Address _____
                     _____
                     _____

## II.   Statement of Claim:

State as briefly as possible the _facts_ of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.   Do not cite any cases or statutes.   If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.   Attach additional sheets of paper as necessary.

A.   In   what · institution   did   the   events   giving   rise   to   your   claim(s)   occur?
     _____ ~~ON PUBLIC STREET N  AND AT RIKERS ISLAND INFIRMARY~~
     _____ ~~AREA.~~ _____

B.   Where   in   the   institution   did   the   events   giving   rise   to   your   claim(s)   occur?
     _____ NEAR INFIRMARY MED AREA _____
     _____
     _____

C.   What   date   and   approximate   time   did   the   events   giving   rise   to   your   claim(s)   occur?
     _____ 1-25-16   AT RIKERS AND ON 125 STREET LENOX AVE 1-26-15
     _____
     _____

D.   Facts:   (SEE ATTACHED DOCUMENTS)

> **What happened to you?**

> **Who did what?**

(SEE ATTACHED DOCUMENTS)

> **Was anyone else involved?**

> **Who else saw what happened?**

## III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.   LOSS OF PROPERTY AND DAMAGE, LOSS OF RECORDS,

DENIED COMMUNICATION WITH FAMILY, & ATTNY/PHONECALL,

RACIAL DESCRIMINATION, ILLEGA SEARCH & SEIZURE,

PHYSICAL INJURY TO BACK, FACE AND ARM/ELBOW (RIGHT)

SMOKE INHAILATION, RESTICTED BREATHING CADUGHING,

SNEEZING, BURNING OF EYES AND THROAT, SKIN IRRITATION

MENTAL ANGUISH

## IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _X_   No ____   (SOME DID SEE FIACTS IN CASE)

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _9th_ day of ____FEB____, 20_16_

| | |
|---|---|
| Signature of Plaintiff | ROY TAYLOR, PROSE ~~SECRETARY~~ |
| Inmate Number | ~~~~ R.T. 95 OLD BROADWAY |
| Institution Address | ~~~~ APT 6C |
| | ~~~~ NY NY 10027 |

<u>Note:</u>   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _9th_ day of ____Feb____, 20_16_ I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:   _Roy Taylor_

when and how, and their response, if any: _____ CCRB, PUB ADVOCATE

_____ AND NYC COMPTROLLER NEVER RESPONDED TO GRIEVANCE

_____ AGAINST NYCPD OR NYC DOC

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative
remedies. _____

_____

_____

_____

_____

_____

**Note:**   You may attach as exhibits to this complaint any documents related to the exhaustion of your
administrative remedies.

## V.   Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you
are seeking and the basis for such amount). _____

_____

_____ SEE ATTACHED RELIEF   ENCLOSED _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## VI.   Previous lawsuits:

| On these claims |

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this
action?

Yes ____   No _X_

B.   If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.   Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2.   Court (if federal court, name the district; if state court, name the county) _____

3.   Docket or Index number _____

4.   Name of Judge assigned to your case _____

5.   Approximate date of filing lawsuit _____

6.   Is the case still pending? Yes _____  No _____
     If NO, give the approximate date of disposition _____

7.   What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____

_____

On other claims

C.   Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
     Yes _____   No _____

D.   If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.   Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2.   Court (if federal court, name the district, if state court, name the county) _____

3.   Docket or Index number _____

4.   Name of Judge assigned to your case _____

5.   Approximate date of filing lawsuit _____

6.   Is the case still pending? Yes _____  No _____
     If NO, give the approximate date of disposition _____

7.   What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____

_____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).   RNDC RIKERS AND AT 28THG PRECIENCT

B.     Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _X_   No ____   Do Not Know ____

C.     Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____   No _X_   Do Not Know ____   DEEMED NON GRIEVABLE

If YES, which claim(s)? _____

D.     Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _X_   No ____   DEEM NON GRIEVABLE

If NO, did you file a grievance about the events described in this complaint at any other jail, prison or other correctional facility?   FILED COMPLAINT TO CCRB AND BOARD OF COMM

Yes ____   No ____          AND GRIEVANCE

E.     If you did file a grievance, about the events described in this complaint, where did you file the grievance?

_____ (RNDC RIKERS (SEE EXHIBIT "A") _____

1.     Which claim(s) in this complaint did you grieve?   MACE INIDENT AND DENIAL OF
_____ MEDICAL CARE _____

2.     What was the result, if any?   NO RESULT
_____

3.     What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process. _____
_____ COMPLAINED TO BD OF CORR & CCRB

F.     If you did not file a grievance:

1.     If there are any reasons why you did not file a grievance, state them here: _____
_____ NOT APPLICABLE _____

2.     If you did not file a grievance but informed any officials of your claim, state who you informed,

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK      X

ROY TAYLOR,

                              PLAINTIFF

      -AGAINST-
NYPD OFFICER ALYSSA TriGuero
NYPD SGT michael DunLavey ET;AL
                              DEFENDANTS
                                          X

## SECTION 1983 CIVIL LAWSUIT

### PRELIMINARY STATEMENT

    THIS IS A CIVIL LAWSUIT AGAINST NYPD 28TH PRECIENCT OFFICIALS FOR VARIOUS
CIVIL RIGHT VIOLATIONS WHICH INCLUDES: MINISTERIAL NEGLIGENCE, DENIAL OF MED
TREATMENT,CAR DAMAGE ALLEGED, DENIAl OF PHONE CALLS, PROPERTY VIOLATIONS AND
EXCESSIVE FORCE BY DEFENDANTS WHICH PLAINTIFF SEEKS MONETARY COMPENSATION FOR
THIS LIABILITY!

### PARTIES

    PLAINTIFF ROY TAYLOR IS A CITIZEN OF THE U.S. AND RESIDE AT 95 OLD BROADWAY
APT 6C NEW YORK, N.Y. 10027. HE SUES DEFENDANTS IN THEIR OFFICIAL & INDIVIDUAL
CAPACITY AND IT IS REQUESTED A TRIAL BY JURY IN THIS ACTION.

    DEFENDANTS P.O. Alyssa TriGuero AND Sgt michael DunLavey, C.O. Quayyum

ALL WORK AT THE 28TH PRECIENCT AS OFFICER OSF THE LAW AS NYPD OFFICERS LOCATED
AT : 2271-89 8TH AVENUE, NY NY.10027.

### JURISDICTION

JURISDICTION IS BEING INVOKED PURSUANT TO APPLICABLE STATUTES & RULES AND
BECAUSE PLAINTIFF WAS ARRESTED AND RESIDE IN THIS LOCATION AND DEFENDANTS
ALL WORK AT THIS LOCATION AND THUS JURISDICTION IS PROPER.

### FACTS OF CASE

    ON 12-26-2015 AT APPROX 8:00AM PLAINTIFF WAS DROPPING HIS FEMALE FRIEND
OFF AND HIS SILVER 2006 CHYRLER 300 WAS PULLED OVER BY DEFENDANTS
AT 125 AND LENOX AVENUE CLAIMINING I MADE AN ILLEGAL TURN. I NEVER WAS ISSUED
A TRAFFIC CITATION AND ALL OF A SUDDEN THE DEFENDANT ORDERED ME OUT VEHICLE
WHEN I QUESTIONED THIS AND ARGUED I WAS BEING RACIALLY PROFILED AND WAS ILLEGAL
PULLED OVER ON BOGUS ALLEGATIONS. THERE WAS NO PROBABLE CAUSE NOR REASONABLE
SUSPICION. AND WHEN I QUESTION THIS THE DEFENDANT              YANKED MY DRIVER
DOOR OPENED REACHED FOR HIS GUN AND SCARED ME SO MUCH THAT I PULLED OFF YET
SHORTLYAFTER PULLED OVER AT A WELL LIT LOCATION YET WAS THROWN TO THE GROUND
HANDCUFFED AND BEATEN BY DEFENDANTS AND OTHER ASSISTING OFFICERS WHILE ON THE
GROUND. PLAINTIFF TRUNK WAS THEN SEARCHED WITHOUT AUTHORIZATION WHICH VIOLATED
MY CONSTITUTIONAL RIGHTS (4TH)., AND CONTRABAND WAS FOUND ONLY IN TRUNK.
I WAS LATER ARRESTED AND TAKEN TO THE 28TH PRECIENCT AND DENIED EVERYTHING!

2.

PLAINTIFF GIRLFRIEND LUTRICIA OVER STREET CONTACTED THE 28TH PRECIENCT AND SPOKE TO SGT DunLAVey AND INFORMED HIM, DEFENDANT THATSHE HAD AN NYPD PROPERTY RELEASE FORM AUTHORIZING HER TO RETRIEVE MY, PLAINTIFF TAYLOR PROPERTY AND WAS TOLD BY DEFENDANT I WAS THE ONLY PERSON TO OBTAIN THE PROPERTY. , IT WAS DENIED. PLAINTIFF ALSO AUTHORIZED VANNESSA MACK TO RETRIEVE ∧MINE WHEN SHE RETRIEVED HERS AND THIS WAS ALSO DENIED BY DEFENDANTS.

PLAINTIFF TAYLOR WAS SUBJECTED TO BE TRANSPORTED TO CENTRAL BOOKING WITH ONLY SHOE STRINGS AND HIS PROPERTY REMAINED AT THE PRECIENCT ARBITRARILIY WHICH INCLUDES EVERYTHING INDIOATED ON THE NYPD PROPERTY RELEASE FORM. (SEE ATTACHED NYPD PROPERTY RELEASE FORM). ALTHOUGH PLAINTIFF WROTE COMPLAIN TO THE CIVILIAN COMPLAINT REVIEW BOARD AND NYC PUBLIC ADVOCATE LETITIA JAMES AND TO NYC COMPTROLLER TO INVESTIGATE AS OF NOW NOTHING WAS DONE TO CORRECT THE SITUATION. NO RECOURSE! IT IS FOR THIS REASON PLAINTIFF NOW SEEK RECOURSE FROM THIS COURT FOR RELEEF!

PLAINTIFF WAS DENIED BY DEFENDANTS THE RIGHT TO MEDICAL TREATMENT AFTER BEING BEATEN BY POLICE INJURING HIS BACK, FACE AND ELBOW FROM BEING PUNCHED KICKED WHILE ON THE GROUND HANDCUFFED. DEFENDANTS FAILED TO GIVE ME A PHONE CALL TO NOTIFY FAMILY & OR ATTNY OF MY WHEREABOUTS, NOR WAS I ALLOWED ACCESS TO CEELPHONE TO PULL NUMBERS OFF PHONE. PLAINTIFF DIDN'T KNOW ANY NUMBER FROM THE TOP OF HIS HEAD AND ONCE TRANSPORTED TO CENTRAL BOOKING, THEN RIKERS THE ONLY WAY HIS FAMILY LEARNED I WAS LOCKED UP WAS APPROX 1 WEEK LATER WHICH WAS THROUGH HIS LEGAL AID ATTORNEY & THROUGH THE INTERNET WHICH FAMILY CHECKED AND FOUND OUT. PLAINTIFF WAS BASICALLY "KIDNAPPED" AND LOST IN THE SYSTEM ON PURPOSE BY DEFENDANTS NYPD WHICH WAS DELIBERATELY DONE BY THE DEFENDANTS BE-CAUSE I EXERCISED MY RIGHT TO REMAIN SILENC EACH TIME DETECTIVES ARRIVED AT MY HOLDING CELL ATTEMPTING TO ESCORT ME IN A ROOM TO INTERROGATE ME AND I REFUSED. THIS HAPPENED THREE TIMES APPROXIMATELY AND EACH TIME I REFUSED.

IT IS FOR THIS REASON NYPD AND THE ENTIRE 28 PRECIENCT INVOLVED DENIED THE ABOVE

DEFENDANT, WHEN I WAS AT THE PRECIENT NEVER VOUCHERED MY PERSONAL PROPERTY AND NEVER ISSUED ME A PROPERTY VOUCHER FOR ANYTHING AND THEY COUNTED APPROX $380 AND NEVER ISSUED ME IT'S RETURN AS PER POLICY WHICH BY THIS THEY COMMITTED MINISTERIAL NEGLIGENCE. PLAINTIFF HAD A SILVER 2006 CHRYLER 380 WHICH AS OF THIS DAY NEVER VOUCHERED AND PLAINTIFF WAS NEVER NOTIFIED OR INFORMED OF IT'S WHEREABOUTS AT THIS TIME. WHICH VIOLATED REGULATIONS & NYPD POLICY AND PROCEDURES, PLAINTIFF SEEKS LEGAL RECOURSE FOR THIS! & DAMAGE OF MY VEHICLE BELIEVED.

IN ADDITION, ON 1-25-16 WHILE AT RIKERS RNDC BUILDING I WAS EXPOSED TO MK-9 PEPPER SPRAY., ALSO KNOWN AS MACE BY A "TRIGEER HAPPY" C.O. QUAYYUMM WHO RECKLESSLY SPRAYED INMATE LOUIS DORSEY UNPROVOKED FOR CUSSING HIM OUT WHICH SO MUCH MACE WAS USED THAT IT AFFECTED ME AND OVER !% OTHER INMATES AND GUARDS IN THE IMMEDIATE AREA. I AND OTHERS WERE DENIED MEDICAL TREATMENT AND ORDERED TO LINE UP AND WERE ESCORTED RETURN TO UNIT BY ESCORT AND DENIED MEDICAL TREATMENT FOR THIS, THUS DEFENDANT CO QUAYYUM IS LIABLE.

PLAINTIFF CONTEND DEFENDANT QUAYYUM VIOLATED THE CHEMICAL DIRECTIVE GUIDELINE WHICH STATES: "PRIOR TO THE USE OF ANY CHEMICAL AGENT AGAINST AN INMATE, THE PERSON RESPONSIBLE FOR SUCH USE SHALL NOTIFY FACILITY HEALTH SERVICES STAFF TO DETERMINE WHETHER THERE'S A MEDICAL REASON WHY CHEMICAL AGENTS SHOULDN'T BE USED PROVIDED THAT NO SUCH NOTIFICATION MUST BE MADE OR MED CLEARANCE OBATAINED, IN EMERGENCY CIRCUMSTANCES WHEN A DELAY IN CHEMICAL USE WOULD PRESENT AN IMMEDIATE THREAT OF DEATH OR SERIOUS INJURY, OR WOULD SEVERELY THREATEN THE SAFETY OR SECURITY OF THE FACILITY".

PLAINTIFF ARGUES MACE IS USED TO EXTRACT INMATES FROM THEIR CELL, NOT WHEN AN INMATE CUSSES AN OFFCCER OUT WHICH IN THIS INCIDENT OCCURRED AND AS A RESULT I, PLAINTIFF TAYLOR SUFFERRED RESTRICTED BREATHING, CAOUGHING, SNEE-ZING, BURNING OF EYES AND THROAT AND SKIN ERRITATION OF BURNING AND DEFENDANT FAILED TO TREAT ME AND COVERED THIS UP BY RETURNING ME AND OTHERS TO UNIT TO COVER THIS UP IT IS BELIEVED! (SEE EXHIBIT "A" CHEM AGENT DIRECTIVE)

BASED ON THIS DEFENDANTS ABOVE VIOLATED MY RIGHTS.., 8TH AMENDMENT RIGHTS TO THE U.S. CONSTITUTION THUS THEY ARE LIABLE IN THIS ACTION!"(EMPHASIS ADDDED)

PLAINTIFF FILED GRIEVANCE ON THE ABOVE WHICH THE GRIEVANT CHAIRMAN DEEMED THIS NONGRIEVABLE. (SEE EX "A COPY OF DOCUMENTS ATTACHED).

## CAUSE OF ACTION

DEFENDANTS HEREIN COMMITTED MINISTERIAL NEGLIGENCE BY FAILING TO PROCESS RECORD AND ISSUE PROPERTY VOUCHERS FOR MY PROPERTY CONFISCATED DESCRIBED ABOVE DEFENDANTS DISCRIMINATED AGAINST ME BASED ON RACE BY RACIALLY PROFILING ME LIEING THAT I MADE AN ILLEGAL TURN, NEVER ISSUING A TICKET AND WANTING TO SEARCH MY VEHICLE WITHOUT MY PERMISSION, WITHOUT PROBABLE CAUSE OR REASONABLE SUSPICION IN A STOP AND FRISK WHICH IS ILLEGAL, SEARCH AND SEIZURE GOING IN PLAINTIFF'S VEHICLE TRUNK WHERE ALL CONTRABAND WAS FOUND!

PLAINTIFF FURTHER WAS A VICTIM OF EXCESSIVE FORCE BY DEFENDANTS AND THE DENIAL TO ALLOW PLAINTIFF MEDICAL TREATMENT FOR HIS INJURIES ALSO THE DENIAL TO MAKE A PHONE CALL BECAUSE HE REMAINED SILENT WAS ABUSE OF DISCRETION BY DEFENDANTS. ALL DEFENDANTS INCLUDE: THE ARRESTING OFFICER _____ AND THE ON DUTY SGT ON DUTY, ALSO ALL DETECTIVES WHICH WILL BE PROVIDED THEIR NAMES WHEN THE TIME COMES, YET NOW WILL BE JOHN DOES.

ALL THE ABOVE VIOLATIONS  WERE 4TH, 8TH, AND 14TH AMENDMENT CONSTITUTIONAL VIOLATIONS WHICH MAKES ALL DEFENDANTS LIABLE!

4.

## RELIEF

PLAINTIFF BASED ON THE ABOVE VIOLATION BY DEFENDANTS REQUEST THE FOLLOWING RELIEF:

1. THAT A DECLARATORY JUDGMENT BE RENDERED DEFENDANTS VIOLATED MY CONSTITUTIONAL RIGHTS, BY ORDER.

2. THAT DEFENDANTS BE ORDERED TO PAY: COMPENSATORY, PUNITIVE, AND NOMINAL AND PAIN AND SUFFERING IN TOTAL AMOUNT OF $250,000

3.-THAT DEFENDANTS BE TERMINATED FROM THEIR JOB FOR SAID VIOLATIONS

4. THAT PLAINTIFF BE GRANTED ANY ATTNY FEES IN THIS ACTION

5. AND ANY FURTHER MEDICAL CARE AS NEEDED TIL CURED

AND SUCH FURTHER RELIEF AS THE COURT DEEMS PROPER.

RESPECTFULLY SUBMITTED,

*Roy Toylar*

ROY TAYLOR, PLAINTIFF PRO'SE
95 OLD BROADWAY #6C
NEW YORK, N.Y. 10027

## CERTIFICATE OF SERVICE

PLAINTIFF ROY TAYLOR PRO'SE HEREBY HAVE HANDED DELIVERED THE FOREGOING 1983 LAWSUIT TO THE USDC SOUTHERN DISTRICT OF NEW YORK AND A COURTESY COPY TO NYC LAW DEPARTMENT CORPORATION COUNSEL AT 100 CHURCH STREET ON THIS ___ DAY OF FEB 2016.

*Roy Toylar*

ROY TAYLOR, PLAINTIFF

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK                    X

ROY TAYLOR,

                                        PLAINTIFF
        -AGAINST-
NYPD OFFICER ALYSSA TriGueno
NYPD SGT  michael Dunlavey ET;AL
                                DEFENDANTS
                                                        X

## SECTION 1983 CIVIL LAWSUIT

### PRELIMINARY STATEMENT

   THIS IS A CIVIL LAWSUIT AGAINST NYPD 28TH PRECIECT OFFICIALS FOR VARIOUS
CIVIL RIGHT VIOLATIONS WHICH INCLUDES: MINISTERIAL NEGLIGENCE, DENIAL OF MED
TREATMENT,CAR DAMAGE ALLEGED, DENIA' OF PHONE CALLS, PROPERTY VIOLATIONS AND
EXCESSIVE FORCE BY DEFENDANTS WHICH PLAINTIFF SEEKS MONETARY COMPENSATION FOR
THIS LIABILITY!

### PARTIES

   PLAINTIFF ROY TAYLOR IS A CITIZEN OF THE U.S. AND RESIDE AT 95 OLD BROADWAY
APT 6C NEW YORK, N.Y. 10027. HE SUES DEFENDANTS IN THEIR OFFICIAL & INDIVIDUAL
CAPACITY AND IT IS REQUESTED A TRIAL BY JURY IN THIS ACTION.

   DEFENDANTS ALYSSA TriGueno AND  Michael Dunlavay, C.O. Quayyum

ALL WORK AT THE 28TH PRECIENCT AS OFFICER OSF THE LAW AS NYPD OFFICERS LOCATED
AT : 2271-89 8TH AVENUE, NY NY.10027.

### JURISDICTION

JURISDICTION IS BEING INVOKED PURSUANT TO APPLICABLE STATUTES & RULES AND
BECAUSE PLAINTIFF WAS ARRESTED AND RESIDE IN THIS LOCATION AND DEFENDANTS
ALL WORK AT THIS LOCATION AND THUS JURISDICTION IS PROPER.

### FACTS OF CASE

   ON 12-26-2015 AT APPROX 8:00AM PLAINTIFF WAS DROPPING HIS FEMALE FRIEND
OFF AND HIS SILVER 2006 CHYRLER 300 WAS PULLED OVER BY DEFENDANTS
AT 125 AND LENOX AVENUE CLAIMINING I MADE AN ILLEGAL TURN. I NEVER WAS ISSUED
A TRAFFIC CITATION AND ALL OF A SUDDEN THE DEFENDANT ORDERED ME OUT VEHICLE
WHEN I QUESTIONED THIS AND ARGUED I WAS BEING RACIALLY PROFILED AND WAS ILLEGAL
PULLED OVER ON BOGUS ALLEGATIONS. THERE WAS NO PROBABLE CAUSE NOR REASONABLE
SUSPICION. AND WHEN I QUESTION THIS THE DEFENDANT                YANKED MY DRIVER
DOOR OPENED REACHED FOR HIS GUN AND SCARED ME SO MUCH THAT I PULLED OFF YET
SHORTLYAFTER PULLED OVER AT A WELL LIT LOCATION YET WAS THROWN TO THE GROUND
HANDCUFFED AND BEATEN BY DEFENDANTS AND OTHER ASSISTING OFFICER WHILE ON THE
GROUND. PLAINTIFF TRUNK WAS THEN SEARCHED WITHOUT AUTHORIZATION WHICH VIOLATED
MY CONSTITUTIONAL RIGHTS (4TH)., AND CONTRABAND WAS FOUND ONLY IN TRUNK.
I WAS LATER ARRESTED AND TAKEN TO THE 28TH PRECIENCT AND DENIED EVERYTHING!

PLAINTIFF GIRLFRIEND LUTRICIA OVER STREET CONTACTED THE 28TH PRECIENCT AND SPOKE TO SGT _____ AND INFORMED HIM, DEFENDANT THATSHE HAD AN NYPD PROPERTY RELEASE FORM AUTHORIZING HER TO RETRIEVE MY, PLAINTIFF TAYLOR PROPERTY AND WAS TOLD BY DEFENDANT I WAS THE ONLY PERSON TO OBTAIN THE PROPERTY. , IT WAS DENIED. PLAINTIFF ALSO AUTHORIZED VANNESSA MACK TO RETRIEVE    MINE    WHEN SHE RETRIEVED HERS AND THIS WAS ALSO DENIED BY DEFENDANTS.

PLAINTIFF TAYLOR WAS SUBJECTED TO BE TRANSPORTED TO CENTRAL BOOKING WITH ONLY SHOE STRINGS AND HIS PROPERTY REMAINED AT THE PRECIENCT ARBITRARILY WHICH INCLUDES EVERYTHING INDICATED ON THE NYPD PROPERTY RELEASE FORM. (SEE ATTACHED NYPD PROPERTY RELEASE FORM). ALTHOUGH PLAINTIFF WROTE COMPLAIN TO THE CIVILIAN COMPLAINT REVIEW BOARD AND NYC PUBLIC ADVOCATE LETITIA JAMES AND TO NYC COMPTROLLER TO INVESTIGATE AS OF NOW NOTHING WAS DONE TO CORRECT THE SITUATION. NO RECOURSE! IT IS FOR THIS REASON PLAINTIFF NOW SEEK RECOURSE FROM THIS COURT FOR RELIEF!

PLAINTIFF WAS DENIED BY DEFENDANTS THE RIGHT TO MEDICAL TREATMENT AFTER BEING BEATEN BY POLICE INJURING HIS BACK, FACE AND ELBOW FROM BEING PUNCHED KICKED WHILE ON THE GROUND HANDCUFFED. DEFENDANTS FAILED TO GIVE ME A PHONE CALL TO NOTIFY FAMILY & OR ATTNY OF MY WHEREABOUTS, NOR WAS I ALLOWED ACCESS TO CEELPHONE TO PULL NUMBERS OFF PHONE. PLAINTIFF DIDN'T KNOW ANY NUMBER FROM THE TOP OF HIS HEAD AND ONCE TRANSPORTED TO CENTRAL BOOKING, THEN RIKERS THE ONLY WAY HIS FAMILY LEARNED I WAS LOCKED UP WAS APPROX 1 WEEK LATER WHICH WAS THROUGH HIS LEGAL AID ATTORNEY & THROUGH THE INTERNET WHICH FAMILY CHECKED AND FOUND OUT. PLAINTIFF WAS BASICALLY "KIDNAPPED" AND LOST IN THE SYSTEM ON PURPOSE BY DEFENDANTS NYPD WHICH WAS DELIBERATELY DONE BY THE DEFENDANTS BE-CAUSE I EXERCISED MY RIGHT TO REMAIN SILENT  EACH TIME DETECTIVES ARRIVED AT MY HOLDING CELL ATTEMPTING TO ESCORT ME IN A ROOM TO INTERROGATE ME AND I REFUSED. THIS HAPPENED THREE TIMES APPROXIMATELY AND EACH TIME I REFUSED. IT IS FOR THIS REASON NYPD AND THE ENTIRE 28 PRECIENCT INVOLVED DENIED THE ABOVE

DEFENDANT, WHEN I WAS AT THE PRECIENCT NEVER VOUCHERED MY PERSONAL
PROPERTY AND NEVER ISSUED ME A PROPERTY VOUCHER FOR ANYTHING AND THEY COUNTED
APPROX $380 AND NEVER ISSUED ME IT'S RETURN AS PER POLICY WHICH BY THIS THEY
COMMITTED MINISTERIAL NEGLIGENCE. PLAINTIFF HAD A SILVER 2006 CHRYLER 300
WHICH AS OF THIS DAY NEVER VOUCHERED AND PLAINTIFF WAS NEVER NOTIFIED OR
INFORMED OF IT'S WHEREABOUTS AT THIS TIME. WHICH VIOLATED REGULATIONS & NYPD
POLICY AND PROCEDURES, PLAINTIFF SEEKS LEGAL RECOURSE FOR THIS! & DAMAGE OF
MY VEHICLE BELIEVED.

IN ADDITION, ON 1-25-16 WHILE AT RIKERS RNDC BUILDING I WAS EXPOSED TO
MK-9 PEPPER SPRAY., ALSO KNOWN AS MACE BY A "TRIGEER HAPPY" C.O. QUAYYUMM
WHO RECKLESSLY SPRAYED INMATE LOUIS DORSEY UNPROVOKED FOR CUSSING HIM OUT
WHICH SO MUCH MACE WAS USED THAT IT AFFECTED ME AND OVER !% OTHER INMATES
AND GUARDS IN THE IMMEDIATE AREA. I AND OTHERS WERE DENIED MEDICAL TREATMENT
AND ORDERED TO LINE UP AND WERE ESCORTED RETURN TO UNIT BY ESCORT AND DENIED
MEDICAL TREATMENT FOR THIS, THUS DEFENDANT CO QUAYYUM IS LIABLE.

PLAINTIFF CONTEND DEFENDANT QUAYYUM VIOLATED THE CHEMICAL DIRECTIVE
GUIDELINE WHICH STATES: "PRIOR TO THE USE OF ANY CHEMICAL AGENT AGAINST AN
INMATE, THE PERSON RESPONSIBLE FOR SUCH USE SHALL NOTIFY FACILITY HEALTH
SERVICES STAFF TO DETERMINE WHETHER THERE'S A MEDICAL REASON WHY CHEMICAL
AGENTS SHOULDN'T BE USED PROVIDED THAT NO SUCH NOTIFICATION MUST BE MADE OR
MED CLEARANCE OBATAINED, IN EMERGENCY CIRCUMSTANCES WHEN A DELAY IN CHEMICAL
USE WOULD PRESENT AN IMMEDIATE THREAT OF DEATH OR SERIOUS INJURY, OR WOULD
SEVERELY THREATEN THE SAFETY OR SECURITY OF THE FACILITY".

PLAINTIFF ARGUES MACE IS USED TO EXTRACT INMATES FROM THEIR CELL, NOT
WHEN AN INMATE CUSSES AN OFFCCER OUT WHICH IN THIS INCIDENT OCCURRED AND AS
A RESULT I, PLAINTIFF TAYLOR SUFFERRED RESTRICTED BREATHING, CAOUGHING, SNEE-
ZING, BURNING OF EYES AND THROAT AND SKIN ERRITATION OF BURNING AND DEFENDANT
FAILED TO TREAT ME AND COVERED THIS UP BY RETURNING ME AND OTHERS TO UNIT TO
COVER THIS UP IT IS BELIEVED! (SEE EXHIBIT "A" CHEM AGENT DIRECTIVE)

BASED ON THIS DEFENDANTS ABOVE VIOLATED MY RIGHTS.., 8TH AMENDMENT RIGHTS
TO THE U.S. CONSTITUTION THUS THEY ARE LIABLE IN THIS ACTION!"(EMPHASIS ADDDED)

PLAINTIFF FILED GRIEVANCE ON THE ABOVE WHICH THE GRIEVANT CHAIRMAN DEEMED
THIS NONGRIEVABLE. (SEE EX "A COPY OF DOCUMENTS ATTACHED).

## CAUSE OF ACTION

DEFENDANTS HEREIN COMMITTED MINISTERIAL NEGLIGENCE BY FAILING TO PROCESS
RECORD AND ISSUE PROPERTY VOUCHERS FOR MY PROPERTY CONFISCATED DESCRIBED ABOVE
DEFENDANTS DISCRIMINATED AGAINST ME BASED ON RACE BY RACIALLY PROFILING ME
LIEING THAT I MADE AN ILLEGAL TURN, NEVER ISSUING A TICKET AND WANTING TO
SEARCH MY VEHICLE WITHOUT MY PERMISSION, WITHOUT PROBABLE CAUSE OR REASONABLE
SUSPICION IN A STOP AND FRISK WHICH IS ILLEGAL, SEARCH AND SEIZURE GOING IN
PLAINTIFF'S VEHICLE TRUNK WHERE ALL CONTRABAND WAS FOUND!

PLAINTIFF FURTHER WAS A VICTIM OF EXCESSIVE FORCE BY DEFENDANTS AND THE
DENIAL TO ALLOW PLAINTIFF MEDICAL TREATMENT FOR HIS INJURIES ALSO THE DENIAL
TO MAKE A PHONE CALL BECAUSE HE REMAINED SILENT WAS ABUSE OF DISCRETION BY
DEFENDANTS. ALL DEFENDANTS INCLUDE: THE ARRESTING OFFICER _____ AND THE
ON DUTY SGT ON DUTY, ALSO ALL DETECTIVES WHICH WILL BE PROVIDED THEIR NAMES
WHEN THE TIME COMES, YET NOW WILL BE JOHN DOES.

ALL THE ABOVE VIOLATIONS  WERE 4TH, 8TH, AND 14TH AMENDMENT CONSTITUTIONAL
VIOLATIONS WHICH MAKES ALL DEFENDANTS LIABLE!

4.

## RELIEF

PLAINTIFF BASED ON THE ABOVE VIOLATION BY DEFENDANTS REQUEST THE FOLLOWING RELIEF:

1. THAT A DECLARATORY JUDGMENT BE RENDERED DEFENDANTS VIOLATED MY CONSTITUTIONAL RIGHTS, BY ORDER.

2. THAT DEFENDANTS BE ORDERED TO PAY: COMPENSATORY, PUNITIVE, AND NOMINAL AND PAIN AND SUFFERING IN TOTAL AMOUNT OF $250,000

3. THAT DEFENDANTS BE TERMINATED FROM THEIR JOB FOR SAID VIOLATIONS

4. THAT PLAINTIFF BE GRANTED ANY ATTNY FEES IN THIS ACTION

5. AND ANY FURTHER MEDICAL CARE AS NEEDED TIL CURED

AND SUCH FURTHER RELIEF AS THE COURT DEEMS PROPER.

RESPECTFULLY SUBMITTED,

*Roy Taylor*

ROY TAYLOR, PLAINTIFF PRO'SE
95 OLD BROADWAY #6C
NEW YORK, N.Y. 10027

## CERTIFICATE OF SERVICE

PLAINTIFF ROY TAYLOR PRO'SE HEREBY HAVE HANDED DELIVERED THE FOREGOING 1983 LAWSUIT TO THE USDC SOUTHERN DISTRICT OF NEW YORK AND A COURTESY COPY TO NYC LAW DEPARTMENT CORPORATION COUNSEL AT 100 CHURCH STREET ON THIS 9TH DAY OF FEB 2016.

*Roy Taylor*

ROY TAYLOR, PLAINTIFF

*Exbit - A*

416R

| | EFFECTIVE DATE **04/27/12** | SUBJECT | | |
|---|---|---|---|---|
| | CLASSIFICATION # **4510R-F** | **CHEMICAL AGENTS** | |  |
| | DISTRIBUTION **D** | APPROVED FOR WEB POSTING [ ] YES [X] NO | PAGE **2** OF **19** PAGES | |

## III.  POLICY (cont.)

D.   Unless specifically prohibited by the Chief of Department and/or the Chief of Facility Operations, all facilities and divisions are authorized to use hand-held aerosols.

E.   Hand-held aerosols may be authorized at the command level and shall be a part of the authorized daily uniform and equipment of all Captains and authorized/certified Correction Officers.  Prior authorization from Headquarters and notification to the Central Operations Desk (C.O.D.) is not required.

F.   The use of all other chemical agents (other than hand-held aerosols) shall only be authorized by one (1) of the following individuals:

  1.   Commissioner or designee;

  2.   First Deputy Commissioner;

  3.   Chief of Department or designee;

  4.   Deputy Chief of Department;

  5.   Assistant Chief;

  6.   Supervising Warden; and/or

  7.   Field Command Unit Head or designee not to extend below the rank of Assistant Deputy Warden.

## IV.  GUIDELINES

A.   INQUIRY CONCERNING MEDICAL CONTRAINDICATIONS

Prior to the use of any chemical agent against an inmate, the person responsible for such use shall notify facility health services staff to determine from such staff whether there is a medical reason why chemical agents should not be used; provided, however, that no such notification must be made, nor medical clearance obtained, in emergency circumstances when a delay in the use of a chemical agent would present an immediate threat of death or serious injury, or would severely threaten the safety or security of the facility.

*Exhibit-A*

| 416R | EFFECTIVE DATE **04/27/12** | SUBJECT **CHEMICAL AGENTS** |  |
|---|---|---|---|
| | CLASSIFICATION # **4510R-F** | | |
| | DISTRIBUTION **D** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **3** OF **19** PAGES |

## IV. GUIDELINES (cont.)

### B. HAND-HELD CHEMICAL AGENTS

1. **Type**

   Only Orthochlorobenzalmalononitrile (CS) or Oleoresin Capsicum (OC) contained in an aerosol dispenser in liquid or dust form is authorized for use within the Department.

2. **Authorized Products**

   Note:    The letters (CS) or (OC) must be legible.

   a.   Federal Lab 587 CS dust, large black container with dark blue label.

   b.   Federal Lab Mk - VI O/C, black container with orange label; and

   c.   Security Equipment Corp. Sabre 5.0 Mk – VI O/C, black container with light blue label.

   d.   Security Equipment Corp. Sabre Red Mk – VI O/C (10% concentration), black container with light blue label.

   e.   Sabre Aerosol Projector MK-9 and "Cell Buster" – O/C black container with white label.

   Note:    The use of the Sabre Aerosol Projector MK-9 and "Cell Buster" is restricted to trained personnel only.

3. **Anticipated effects of CS include:**

   a.   Visual impairment (tearing);

   b.   Coughing and/or sneezing;

   c.   Painful burning of eyes and throat;

   d.   Extreme temporary pain or discomfort in all the moist, warm parts of the body including mucous membranes and throat;

   e.   Skin irritation including blistering after long exposure;

   f.   Compressed chest and panic caused by inability to breathe properly;

*Exbit-A*

416R

| | EFFECTIVE DATE **04/27/12** | SUBJECT | | | |
|---|---|---|---|---|---|
| | CLASSIFICATION # **4510R-F** | | **CHEMICAL AGENTS** | |  |
| | DISTRIBUTION **D** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | | PAGE **4** OF **19** PAGES | |

## IV.  GUIDELINES (cont.)

        g.    Desire but inability to defecate;

        h.    Subject(s) may become immobilized; and

        i.    Side effects are different and individual in nature.

    4.    Anticipated effects of OC include:

        a.    Swelling of the mucous membranes;

        b.    Immediate involuntary closing of the eyes;

        c.    Uncontrollable coughing;

        d.    Gagging;

        e.    Gasping for breath; and

        f.    Sensation of intense burning of the skin and mucous membranes inside the nose and the mouth.

    5.    Commanding Officers of each facility and division shall designate staff members who shall be authorized/certified to use and/or dispense hand-held aerosols.

    6.    Certification/re-certification in the use of chemical agents shall be conducted through training programs coordinated by the Correction Academy on an annual basis.

    7.    Every Commanding Officer shall ensure that personnel who are responsible for authorizing and/or using hand-held aerosols, receive instruction as noted in Section IV.B.6.

    8.    Time permitting, members anticipating the use of aerosols shall make every attempt to remove from the area of potential contamination all persons for whom the administration of the chemical agent is not intended. Medical staff should also be notified to prepare to provide immediate assistance.

Exbit - A

| 416R | | | | |
|---|---|---|---|---|
|  | EFFECTIVE DATE 04/27/12 | SUBJECT | | CORRECTION DEPARTMENT |
| | CLASSIFICATION # 4510R-F | **CHEMICAL AGENTS** | | |
| | DISTRIBUTION D | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE 5 OF 19 PAGES | |

## IV.  GUIDELINES (cont.)

### C.  CHEMICAL AGENTS - OTHER THAN HAND-HELD AEROSOL

1.  Types

Only Orthochlorobenzalmalononitrile (CS) and low toxic or non-toxic smoke are authorized for use within the Department.  The following chemical agent delivery systems may be used:

a.  Combustion (burning);

b.  Aerosol liquid;

c.  Aerosol dust;

d.  Blast dispersion;

e.  Liquid dissemination; or

f.  Fog.

2.  Color Codes:

a.  BLUE (CS)

Grenades or projectiles.

b.  YELLOW (Smoke)

Grenades containing low toxic or non-toxic screening smoke.

c.  Any agent (other than hand-held aerosols) marked in a color other than the specified color codes, shall not be used.

3.  Authorized Products and Equipment:

Important Note:  Federal Lab and Defense Technology manufacture the authorized products listed below.  This list indicates identical products and their corresponding numbers from those manufacturers. The departmental inventory contains products which indicate either Federal Lab or Defense Technology with corresponding numbers as noted below.

Exbit-A

| | EFFECTIVE DATE **04/27/12** | SUBJECT | | |
|---|---|---|---|---|
| 416R | CLASSIFICATION # **4510R-F** | **CHEMICAL AGENTS** | |  |
| | DISTRIBUTION **D** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **6** OF **19** PAGES | |

## IV. GUIDELINES (cont.)

a.   Federal Lab. #201-Z, one and one-half inch (1 1/2") Gas Gun.

b.   Federal Lab. #203A, one and one-half inch (1 1/2") Gas Gun.

c.   Federal Lab. #450A and Defense Technology #459, Grenade Launcher for #201-Z; and 203A Gas Guns.

d.   Federal Lab. #457, and Defense Technology #1270, Grenade Launcher Cartridge; for #201-Z and 203A Gas Guns.

e.   Federal Lab. #501, and Defense Technology #1142, Muzzle Dispersion Cartridge; dust type.

f.   Federal Lab. #560, and Defense Technology #1182, Long Range Projectile; combustion type: range: 150 yards.

g.   Federal Lab. #570, and Defense Technology #2002, Short Range Projectile; combustion type; range: 100 yards.

h.   Federal Lab. #530, and Defense Technology #1152, Barricade Projectile; combustion type.

i.   Federal Lab. #555, and Defense Technology #1072,   Speedheat Grenade; combustion type.

j.   Federal Lab. #515, and Defense Technology #1026, Triple Chaser Grenade; combustion type.

k.   Federal Lab. #517, and Defense Technology #1032 Flameless Grenade; combustion type.

l.   Federal Lab. #514, and Defense Technology #1042 Blast Dispersion Grenade; dust type.

m.   Federal Lab. Fogger Model #298, Portable Thermal Irritant and Smoke Generator.

n.   Federal Lab. #110-HC, and Defense Technology #1083 Smoke Grenade; combustion type; low toxic smoke.

o.   Federal Lab. F-8-SAF, and Defense Technology #1063 Smoke Grenade; combustion type; non-toxic smoke.

Exbit~B

416R

| | EFFECTIVE DATE<br>04/27/12 | SUBJECT | | |  |
|---|---|---|---|---|---|
| | CLASSIFICATION #<br>4510R-F | **CHEMICAL AGENTS** | | | |
| | DISTRIBUTION<br>**D** | APPROVED FOR WEB POSTING<br>☐ YES  ☒ NO | PAGE **7** OF<br>**19** PAGES | | |

## IV.   GUIDELINES (cont.)

> Note:   Smoke Grenades are for outdoor use only.

p.   Ispra Model 5, Protectojet Ejector; CS filled.

q.   Ispra Mini-Model 5, Protectojet Ejector; CS filled.

r.   Sabre Aerosol Projector MK-9 and "Cell Buster"; OC.

s.   Pepperball SA-200 Launcher System

> Note:   The Protectojet and Pepperball SA-200 Launcher System, are authorized standard equipment and shall be used only by trained Emergency Service Unit (ESU) staff. The Cell Buster, authorized for use only by staff trained to use such device, consists of an 18.5 oz MK-9 canister with hose and wand attachment. Use of the Pepperball SA-200 Launcher System is outlined in Operations Order 14/07 entitled "Pepperball System", dated 8/13/07.

4.   Prior authorization to use agents (other than hand-held aerosols) must be obtained from one (1) of the aforementioned individuals noted in Section III.F. of this Directive.

> Note:   Combustion type devices may cause fires if dispensed in close proximity to flammable objects or structures.

5.   The command unit head or designee shall notify C.O.D. and provide the following information:

a.   Reason for the use of the chemical agent (other than hand-held aerosols).

b.   Approximate number of inmates involved.

c.   Area that the chemical agent is to be dispensed in.

d.   Any other information that would assist one (1) of the authorizing individuals in rendering an objective decision.



Exhibit - A



| 416R | EFFECTIVE DATE **04/27/12** | SUBJECT | | |
|---|---|---|---|---|
| | CLASSIFICATION # **4510R-F** | **CHEMICAL AGENTS** | | |
| | DISTRIBUTION **D** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **8** OF **19** PAGES | |

## IV.   GUIDELINES (cont.)

> Note:   In an emergency, if time precludes the transmittal of notification, chemical agents may be used; however, attempts shall be made to notify the C.O.D. during the course of utilizing the agents. In any case, C.O.D. shall be notified immediately after the chemical agent is dispensed.

6.   Prior to using chemical agents (other than hand-held aerosols) the authorizing supervisor from the facility or division shall notify the highest ranking medical staff person on-duty to have adequate medical personnel standing by and to assign medical personnel to triage these cases. In addition, medical staff will be prepared to provide medical assistance to individuals who may require medical treatment due to exposure to chemical agents.



No one to help us

7.   During the use of chemical agents (other than hand-held aerosols), a certified supervisory officer shall be present and will direct the dispensing of said agent and all required decontamination procedures, contained herein.

8.   Commanding Officers of each facility and division shall designate staff members who shall be authorized to use and/or dispense chemical agents (other than hand-held aerosols) and any related equipment.

9.   Certification/re-certification in the use of chemical agents shall be conducted by the Correction Academy on an annual basis.

10.   Commanding Officers of each facility and division shall ensure that personnel who are responsible for authorizing and/or using chemical agents, receive instruction as noted in Section IV.B.6.

### D.   STORAGE OF ALL AGENT EQUIPMENT

1.   Chemical agent munitions and related devices shall be stored within officially designated areas only and be maintained in a safe and secure manner. Such storage shall ensure that only persons trained in the use of such articles have access to them.

2.   An officer assigned to the Security Office in each facility will be responsible for the day to day handling of all chemical agents and related equipment and will retain a copy of each quarterly inspection performed by ESU. He/she shall be trained annually in the Department's prescribed chemical agent course.

3.   To avoid corrosion of firearms, CS/OC chemical agent munitions shall not be stored in the same enclosure with firearms.

Exhibit - A

| 416R | EFFECTIVE DATE **04/27/12** | SUBJECT | | |
|---|---|---|---|---|
| | CLASSIFICATION # **4510R-F** | **CHEMICAL AGENTS** | |  |
| | DISTRIBUTION **D** | APPROVED FOR WEB POSTING ☐ YES  ☒ NO | PAGE **9** OF **19** PAGES | |

## IV.   GUIDELINES (cont.)

4. The designated area for CS chemical agent munitions storage shall be equipped with a ventilating fan and duct system.

E.   QUARTERLY INSPECTION OF CHEMICALS AGENTS AND RELATED EQUIPMENT

1. Quarterly inspections of all chemical agents and related equipment shall be performed and documented by the Emergency Service Unit. A written record of all such inspections shall be maintained which shall include, but need not be limited to:

   a. The name of the person(s) inspecting the articles;

   b. The date of inspection;

   c. The type and quantity of articles stored and inspected; and

   d. A description of their condition.

2. No chemical agent products should be used beyond the expiration date, except for training purposes.

3. All expired chemical agent products shall be separated from current stock and transferred by the Emergency Service Unit for disposition.

4. All defective chemical agent equipment shall be tagged and immediately separated from active arsenal stock. The facility shall contact the Special Operations Division (S.O.D.) to arrange a transfer of the equipment for disposal.

5. Equipment in need of repair shall be transferred by the Emergency Service Unit, accompanied with a written memorandum to the S.O.D. Commanding Officer, describing the existing problem.

Exbit - A



| 416R | EFFECTIVE DATE **04/27/12** | SUBJECT **CHEMICAL AGENTS** | |  |
|---|---|---|---|---|
| | CLASSIFICATION # **4510R-F** | | | |
| | DISTRIBUTION **D** | APPROVED FOR WEB POSTING ☐ YES  ☒ NO | PAGE **10** OF **19** PAGES | |

## V.   PROCEDURE

### A.   HAND-HELD AEROSOL

1.   General

   a.   Certified Correction Officers designated by the Commanding Officer of the facility and all certified Captains shall be permitted to use the approved hand-held aerosol dispenser.

   b.   Prior to using the hand-held aerosol dispensers, attempts should be made to resolve the situation by other means, (i.e., interpersonal communication skills, supervisory response, etc.). Further, the subject shall be warned that chemical agents will be utilized if the subject continues his/her misconduct. The "Device" shall be used with the utmost discretion.

   c.   Facilities must develop an approved secure area in the Control Room, to permit the proper storage and accountability of hand-held product. Staff shall not store hand-held aerosol dispensers in their lockers.

   d.   If any member is issued and receives a departmental hand-held dispenser and holster, the following notations shall be made in the designated logbook:

   i.   Name, rank and shield number of each person issued a canister and holster.

   ii.   Date and time the equipment was issued and returned.

   iii.   Identification numbers of each piece of equipment (canister and holster).

   e.   Each facility shall maintain a master list of personnel who are authorized/certified to use hand-held dispensers.

   f.   Hand held units (CS/OC) may be used outdoors.

2.   Authorized Use

   The use of a hand-held dispenser is authorized in the following situations:

   a.   To defend oneself.

   b.   To defend another employee, inmate or visitor.

*Exbit -A*

416R

| | EFFECTIVE DATE<br>**04/27/12** | SUBJECT | | |  |
|---|---|---|---|---|---|
| | CLASSIFICATION #<br>**4510R-F** | **CHEMICAL AGENTS** | | | |
| | DISTRIBUTION<br>**D** | APPROVED FOR WEB POSTING<br>☐ YES  ☒ NO | | PAGE **11** OF<br>**19** PAGES | |

## V.   PROCEDURE (cont.)

    c.    To prevent a serious crime, including inmate disturbances or escapes.

    d.    To maintain the safety and security of the facility.

    e.    To enforce Department rules, facility regulations and court orders where necessary to promote the good order and safety of the facility.

    f.    To take an inmate into custody.

    g.    To prevent serious damage to property.

    h.    To prevent an inmate from harming himself/herself.

    Note:    A hand-held aerosol unit is not as effective against large groups or in large areas.   It is more effective in one-on-one or one-on-two situations, and in small cell areas.

   3.    Prohibited Use

        The use of a hand-held chemical agent is prohibited in the following situations:

    a.    To force an inmate to comply with an officer's verbal orders, except in those situations outlined in the preceding Section V.A.2.;

    b.    To solicit information;

    c.    To discontinue an argument between inmates;

    d.    As a threatening gesture; or

    e.    To punish an inmate.

   4.    Safety Precautions and Use

    a.    Prior to using hand held chemical agents, the subject shall be warned that chemical agents will be utilized if the subject continues his/her misconduct.

Exbit-A

| 416R | EFFECTIVE DATE **04/27/12** | SUBJECT | **CHEMICAL AGENTS** | |  |
|---|---|---|---|---|---|
| | CLASSIFICATION # **4510R-F** | | | | |
| | DISTRIBUTION **D** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | | PAGE 12 OF 19 PAGES | |

## V. PROCEDURE (cont.)

b. Hand-held units, when used, shall be directed at the appropriate area of the subject as follows:

| MAKE AND MODE | AIM |
|---|---|
| i. Federal Lab. #587 (CS) Dust | Above the head |
| ii Federal Labs MK-VI OC | Face |
| iii. Security Equipment Corp. Sabre 5.0 Mk-VI O/C | Face |
| iv. Security Equipment Corp. Sabre Red Mk-VI O/C | Face |
| v. Sabre Aerosol Projector MK-9 OC | Face |

Note:   Do not aim or spray CS agents directly into eyes.

c. When using the dust hand-held unit, it shall be directed above the head of the subject.

Note:   Do not aim or spray CS agents directly into eyes.

d. Hand-held units should not be used at a distance of less than three (3) feet.

e. Liquid hand-held units have a maximum effective range of twelve (12) to fifteen (15) feet.

f. Dust hand-held units have a maximum range of approximately fifteen (15) feet in still air.

g. Limit application of the hand-held unit to a single, two (2) second burst. If necessary, a total of three (3), two (2) second bursts can be employed. The Sabre Aerosol Projector MK-9 OC should not be used at a distance of less than six (6) feet. The units have a maximum range of twenty-five (25) feet.  Dispersion directed at an inmate shall be limited to three (3) one-second bursts.

Exhibit ~ A

| 416R | EFFECTIVE DATE **04/27/12** | SUBJECT | | |
|---|---|---|---|---|
| | CLASSIFICATION # **4510R-F** | **CHEMICAL AGENTS** | |  |
| | DISTRIBUTION **D** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **13** OF **19 PAGES** | |

## V.   PROCEDURE (cont.)

> **Note:**   When the Cell Buster is sprayed under a cell door, the chemical agent shall be deployed for three (3) continuous seconds. The Cell Buster is only to be used against potential assailants behind cell doors.
>
> **Caution:** Do not spray subject at a range less than three (3) feet. Severe eye, skin irritation or other injury may occur.

h.   If the desired results are not achieved, the use of the dust unit is recommended. However, this is predicated on a supervisor's approval.

i.   Under no circumstances shall OC or CS be used in conjunction with the Electronic Immobilization Shield as noted in Directive #4600, entitled ELECTRONIC IMMOBILIZATION SHIELD, page 3, subsection IV.B.

j.   A controlled avenue of exit must be identified.

> **Note:**   Person(s) exposed to CS or OC must not be left unattended.

5.   Individual Decontamination and Medical Attention

a.   Remove the individual(s) from the contaminated area.

b.   Advise the individual(s) not to rub his/her eyes. Salves, oil or grease medications or creams (i.e., butter, cold cream, petroleum jelly, lanolin, etc.) should not be applied to contaminated areas on the body. These applications tend to further entrap the agent causing intense irritation and blistering of the skin.

c.   Do not bandage or cover the affected skin areas.

d.   If possible, bring the individual(s) out into fresh air or use a fan and have him/her face the wind.

e.   Have the individual(s) remove contaminated clothing. Clothing should be washed or destroyed.

f.   The subject(s) shall shower or wash in cool water. (Flush contaminated skin areas with large quantities of cool water.) Calm and reassure subjects that they will receive medical attention and decontamination.

*Exbit -A*



| 416R | EFFECTIVE DATE **04/27/12** | SUBJECT | | |  |
|---|---|---|---|---|---|
| | CLASSIFICATION # **4510R-F** | **CHEMICAL AGENTS** | | | |
| | DISTRIBUTION **D** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | | PAGE **14** OF **19** PAGES | |

## V. PROCEDURE (cont.)

g. After the individual decontamination has been completed, the area supervisor shall ensure that prompt medical attention is given to the individual(s) affected by the dispensing of the chemical agent. This prevents the contamination of the medical environment.

Note: Severe eye and/or skin irritation with CS may occur if hand-held chemical agents are dispensed at a distance less than three (3) feet of the subject. If at any time it is apparent that the chemical agent has been used at a closer range (less than three (3) feet) and has affected an individual's eyes, immediate medical attention shall be obtained for the person in question (Flush with large amounts of cool water).

h. Under no circumstances shall the subject(s) remain in the contaminated area for a period exceeding five (5) minutes after the hand-held aerosol application. In the event the subject(s) refuses to leave the area, other appropriate means shall be employed to remove the subject within the prescribed time period.

6. Whenever A Hand-Held Chemical Agent Is Utilized, The Following Shall Be Complied With:

a. Immediately report the incident to a supervisory officer.

b. A notation of the incident shall be made in the memo-book of the officer/supervisor who dispensed the agent; and countersigned by the investigating supervisor.

c. Record the incident in the area and the Central Control Room logbook.

d. Prepare "Use of Force Reports" (#5004A-D).

e. Ensure all contaminated persons (inmates and staff) receive immediate medical treatment.

f. Obtain all applicable medical reports and evaluations from facility medical personnel.

g. Prepare any other reports and forms as required by Department regulations.

7. Review Of Hand-Held Chemical Agents Utilization (written evaluations)

*Exbit - A*



| 416R | EFFECTIVE DATE
04/27/12 | SUBJECT

**CHEMICAL AGENTS** | |
|---|---|---|---|
| | CLASSIFICATION #
**4510R-F** | | |
| | DISTRIBUTION

**D** | APPROVED FOR WEB POSTING

☐ YES   ☒ NO | PAGE **15** OF
**19** PAGES |



## V.   PROCEDURE (cont.)

    a.   Each incident involving the use of the hand-held chemical agents including accidental discharge, shall be reviewed by the respective Commanding Officer and Deputy Warden for Security.

    b.   The Commanding Officer and the Deputy Warden for Security shall review the incident to ascertain whether or not Departmental procedures governing the use of the hand-held chemical agents were adhered to.

    c.   Said review shall take place within twenty-four (24) hours or no later than the next business day following the incident.

### B.   CHEMICAL AGENTS - OTHER THAN HAND-HELD AEROSOL

    1.   General

      a.   Whenever chemical agents are to be used in congregate areas, those individuals who request to be removed shall be immediately evacuated unless circumstances preclude this action.

      b.   Chemical agents can be extremely dangerous to persons (staff and inmates) known to have heart or respiratory ailments.  Every effort shall be made to safeguard these individuals from being exposed to chemical agents.

      c.   Prior to using chemical agents (other than hand-held) the facility's ventilation system should be shut down.

      d.   The following precautionary measures should be taken prior to entering an area with a concentration of chemical agents:

        i.   Contact lenses and eyeglasses should be removed.

        ii.   Oil-based makeup or lotions should be removed from exposed skin areas.

        iii.   Jewelry should be removed (including watchbands).

        iv.   Tight-fitting clothing around the neck, wrist and ankle areas should be loosened but skin should remain covered where possible.

*Exhibit-A*

| 416R | | | | | |
|---|---|---|---|---|---|
|  | **EFFECTIVE DATE** **04/27/12** | **SUBJECT** | **CHEMICAL AGENTS** | | CORRECTION DEPARTMENT CITY OF NEW YORK |
| | **CLASSIFICATION #** **4510R-F** | | | | |
| | **DISTRIBUTION** **D** | **APPROVED FOR WEB POSTING** ☐ YES ☒ NO | | **PAGE 16 OF 19 PAGES** | |

## V.   PROCEDURE (cont.)

Note:   All staff should be aware that some individuals with mental disorders or those under the influence of alcohol or narcotics will be affected by chemical agents. However, such inmates may not show the desired effects.

e.   Precautions shall be taken to insure that chemical agents do not contaminate hospital, clinic and other medical areas.

f.   In any situation where chemical agents are being used, a controlled avenue of exit shall be provided for the inmates and other personnel. All staff in or entering an area where chemical agents have been or are about to be employed must wear a protective mask.

g.   When using chemical agents, all personnel present shall be issued protective masks and must wear them.

h.   Combustion and/or low-toxic smoke chemical agents are designed for use against large groups and in outdoor areas. In a single cell or small room situations, or in cases where it is desirable to limit the size of the affected area, these types of agents should not be employed.

Note:   When selecting a product(s) to use, care must be taken to avoid introducing excessive volumes. Consider the size of the area, number of people involved, ceiling height and, in ounces, weight of the product(s).

2.   Individual Decontamination and Medical Attention

a.   Remove the individual(s) from the contaminated area to fresh air or a fan where possible.

b.   Advise the individual(s) not to rub their eyes. Salves, oil or grease medications or creams (i.e., butter, cold cream, vaseline/petroleum jelly, lanolin, etc.) should not be applied to contaminated areas on the body. These applications tend to further entrap the agent causing intense irritation and blistering of the skin.

c.   Do not bandage or cover the affected skin areas.

*Exbit-A*

| 416R | EFFECTIVE DATE **04/27/12** | SUBJECT | | |
|---|---|---|---|---|
| | CLASSIFICATION # **4510R-F** | **CHEMICAL AGENTS** | |  |
| | DISTRIBUTION **D** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **17** OF **19** PAGES | |

## V. PROCEDURE (cont.)

    d.   If possible, bring the individual(s) out into fresh air or stand the individual(s) in front of a fan for approximately three (3) to five (5) minutes. Said individual(s) should face the wind and shake any agent particles from hair and clothing, force their eyes open and allow them to tear. Advise them not to rub their eyes.

    e.   Have the individual(s) remove contaminated clothing. Clothing should be washed or destroyed.

    f.   In cases of extreme exposure, the subjects shall shower or wash in cool or lukewarm running water using non-deodorant soap. Showers must have open drains since CS is not soluble in water and will float. When CS has prolonged contact with skin, burns may result.

        Caution: Advise individual(s) not to take baths.

    g.   Subjects may also be provided with cool water containing a five percent (5%) solution of sodium bicarbonate (baking soda) and instructed to apply to irritated skin areas.

    h.   The area supervisor shall ensure that prompt medical attention is given to all persons affected by the dispensing of chemical agents

    Note:   In the event of severe eye and/or skin irritation occurrences, or any other apparent serious reaction to the chemical agents, all affected subjects shall receive immediate medical attention.

    i.   Under no circumstances shall an individual remain in the contaminated area for an extended period of time. In the event an individual refuses to leave the area, other appropriate means shall be employed to remove said individual or counter the chemical agents effects via ventilation /decontamination.

    3.   Physical Plant Decontamination

    The command dispersing the chemical agent shall be responsible for effecting all decontamination procedures as follows:

    a.   All inmates shall be removed from the contaminated area(s).

    b.   All spent CS casings shall be removed from the affected area(s) and placed in airtight containers.

Exbit A

| 416R | EFFECTIVE DATE<br>**04/27/12** | SUBJECT | | | |
|---|---|---|---|---|---|
| | CLASSIFICATION #<br>**4510R-F** | **CHEMICAL AGENTS** | | |  |
| | DISTRIBUTION<br>**D** | APPROVED FOR WEB POSTING<br>☐ YES  ☒ NO | PAGE. 19 OF<br>19 PAGES | | |

## VI.  REFERENCES

A.  Directive #5006R-C, Use of Force, dated 01/31/08.

B.  Directive #5000R-A, Reporting Unusual Incidents, dated 11/19/04 (as amended).

C.  Directive #4600, Electronic Immobilization Shield, dated 07/09/98.

D.  Operations Order 14/07, Pepperball System, dated 8/13/07

E.  New York State Penal Law, Article 35 - Defense of Justification, section 35.05, Justification; generally

F.  State Commission of Correction, Subtitle AA, Part 7063 - Chemical Agents

Note:  In the event that a reference is superseded, the successor document shall apply.

## VII.  SUPERSEDES

A.  Directive #4510R-E, Chemical Agents, dated 08/22/08.

B.  Any other Directive, Operations Order, Teletype, Memorandum, etc, that may be in conflict with the policies and procedures outlined herein.

## VIII.  SPECIAL INSTRUCTIONS

A.  Within ten (10) calendar days of the effective date of this order, all Commanding Officers shall implement a Command Level Order incorporating the policy and provisions outlined herein.

B.  One (1) copy of the command level order shall be forwarded to each respective Supervising Warden.

C.  All facility managers and supervisors shall ensure strict enforcement of the policy, guidelines and procedures noted herein.

EXHIBIT "A"

Form: # 7101R, Eff.: 09/10/12, Ref.: Dir. #3376 – page 1



City of New York - Department of Correction

# INMATE GRIEVANCE AND
# REQUEST PROGRAM STATEMENT FORM

| Inmate's Name: | Book & Case #: | NYSID # (optional): | |
|---|---|---|---|
| R. Taylor | 3491514549 | 04528137 Q | |
| Facility: | Housing Area: | Date of Incident: | Date Submitted: |
| RNDC | 4 main 2 cel | 1-28-16 | 1-28-16 |

All grievances and requests must be submitted within ten business days after the incident occurred, unless the condition or issue is on-going. The inmate filing the grievance or request must personally prepare this statement. Upon collection by Inmate Grievance and Request Program (IGRP) staff, IGRP staff will time-stamp and issue it a grievance/request reference number. IGRP staff shall provide the inmate with a copy of this form as a record of receipt within two business days of receiving it.

**Request or Grievance:** Grievant complains I've Been Denied medical Care complaining of Tooth Pain. I went to sick call To Dentist and was Told no treatment til 2 weeks. My Pain was Ignored and was Denied medicine for Pain. Also During this time maco was recklessly sprayed where I suffered smoke Inhalation By A RNDC Guard spraying as so much pepper spray that I Affected me so much That I Couldn't Breath.

**Action Requested by Inmate:** Investigate matter reprimand guard And correct problem

Please read below and check the correct box:

| | | |
|---|---|---|
| Do you agree to have your statement edited for clarification by IGRP staff? | ☐ Yes | ☑ No |
| Do you need the IGRP staff to write the grievance or request for you? | ☐ Yes | ☑ No |
| Have you filed this grievance or request with a court or other agency? | ☐ Yes | ☑ No |
| Did you require the assistance of an interpreter? | ☐ Yes | ☑ No |

Inmate's Signature: _Roy Taylor_     Date of Signature: _1-25-16_

**For DOC Office Use Only**
IGRP RETAINS THE DOUBLE-SIDED ORIGINAL FOR ADMINISTRATIVE RECORDS.
IGRP MUST PROVIDE A COPY OF THIS FORM TO THE INMATE AS A RECORD OF RECEIPT.

| Time Stamp Below: | Grievance and Request Reference #: | Category: |
|---|---|---|
| | Non-Grievable | Staff Complaint |
| | Inmate Grievance and Request Program Staff's Signature: | |



# CITY OF NEW YORK - DEPARTMENT OF CORRECTION

## INMATE GRIEVANCE AND REQUEST PROGRAM

## DISPOSITION FORM

Form: # 7102R
Eff.: 09/10/12
Ref.: Dir. #3376

| Grievance/Request Reference #: | Date Filed: 2-2-16 | Facility: RNDC |
|---|---|---|

| Title of Grievance or Request: Non-grievable | Category: Staff Complaint |
|---|---|

From IGRP Inmate Statement Form, print or type short description of request/grievance:

See Statement Form

Action Requested by Inmate:

See Statement Form

## STEP 1: INFORMAL RESOLUTION

Check one box: ☐ Grievance    ☐ Request    ◉ Submission not subject to the IGRP process.

The Inmate Grievance and Request Program proposes to informally resolve your grievance or request as follows below. Alternatively, IGRP staff shall provide an explanation for why the submission is not subject to the IGRP process.

Your complaint does not fall under the purview of the IGRP and will be forward to the Warden of this Facility for further

inquiry.

Are you satisfied with the proposed resolution?

☐ Yes, I accept the resolution.   ☐ No           non Grieveble

I request a formal hearing of the Inmate Grievance Resolution Committee within 5 business days from notification of the proposed resolution. I understand that if my submission involves a request to exercise religious beliefs or practices not currently available, then the Committee on Religious Accommodations will review my request

| Inmate's Signature: | Date: | Grievance Supervisor's Signature: | Date: |
|---|---|---|---|

# CITY OF NEW YORK - DEPARTMENT OF CORRECTION

## INMATE GRIEVANCE AND REQUEST PROGRAM

### DISPOSITION FORM

Form: # 7102R
Eff.: 09/10/12
Ref.: Dir. #3376

| Grievance/Request Reference #: | Date Filed: 2-2-16 | Facility: RNDC |
|---|---|---|

| Title of Grievance or Request: Non-grievable | Category: Staff Complaint |
|---|---|

From IGRP Inmate Statement Form, print or type short description of request/grievance:

See Statement Form

Action Requested by Inmate:

See Statement Form

### STEP 1: INFORMAL RESOLUTION

Check one box: ☐ Grievance   ☐ Request   ☒ Submission not subject to the IGRP process.

The Inmate Grievance and Request Program proposes to informally resolve your grievance or request as follows below. Alternatively, IGRP staff shall provide an explanation for why the submission is not subject to the IGRP process.

Your complaint does not fall under the purview of the IGRP and will be forward to the Warden of this Facility for further

inquiry.

Are you satisfied with the proposed resolution?

non Grievetle

☐ Yes, I accept the resolution.   ☐ No

I request a formal hearing of the Inmate Grievance Resolution Committee within 5 business days from notification of the proposed resolution. I understand that if my submission involves a request to exercise religious beliefs or practices not currently available, then the Committee on Religious Accommodations will review my request

| Inmate's Signature: | Date: | Grievance Supervisor's Signature: | Date: |
|---|---|---|---|

# CITY OF NEW YORK - DEPARTMENT OF CORRECTION

## INMATE GRIEVANCE AND REQUEST PROGRAM
## DISPOSITION FORM

Form: # 7102R
Eff.: 09/10/12
Ref.: Dir. #3376

Grievance/Request Reference #:

Date Filed: 2-2-16

Facility: RNDC

Title of Grievance or Request:
Non-grievable

Category:
Staff Complaint

From IGRP Inmate Statement Form, print or type short description of request/grievance:

See Statement Form

Action Requested by Inmate:

See Statement Form

### STEP 1: INFORMAL RESOLUTION

Check one box: ☐ Grievance   ☐ Request   ☑ Submission not subject to the IGRP process.

The Inmate Grievance and Request Program proposes to informally resolve your grievance or request as follows below. Alternatively, IGRP staff shall provide an explanation for why the submission is not subject to the IGRP process.

Your complaint does not fall under the purview of the IGRP and will be forward to the Warden of this Facility for further inquiry.

Are you satisfied with the proposed resolution?

☐ Yes, I accept the resolution. ☐ No

I request a formal hearing of the Inmate Grievance Resolution Committee within 5 business days from notification of the proposed resolution. I understand that if my submission involves a request to exercise religious beliefs or practices not currently available, then the Committee on Religious Accommodations will review my request

| Inmate's Signature: | Date: | Grievance Supervisor's Signature: | Date: |
|---|---|---|---|
|  |  |  |  |

(212) 678-1611

# NYPD PROPERTY RELEASE

## TO: N.Y.P.D. Property Clerk's Office

DATE: __1__ / __5__ / __2016__

I, _____ROY TAYLOR # 3491514549_____ , was arrested by New York City Police
Department Officers within the __ø 28th__ Precinct on __12__ / __27__ / __2015__.
I am currently detained at the Manhattan Detention Complex, 125 White
Street, New York, NY 10013. The arresting officers took the following items
from my persons at the time of the arrest:

```
2005 chrysler 300, tool set, 2dvd players,motor oil, cleaning fluid,
  antifreeze, title,registration, dl, two bank debit cards, car keys 7 ho
$390. lottery ticket, two movie tickets, two cell phones, charger,
portable charger, wallet & contents, gps, ss card, proof of insurance
etc
```

It is my understanding that these items are not instruments of criminality nor
are they connected to the crime I was arrested for. I do hereby
authorize_____
_____ of _____
_____
to retrieve all of my property being held by the New York City Police
Department in relations to the above arrest.

Arresting Precinct: __28th__        Voucher # _____

Date of Arrest:_____/_____/_____

Respectfully,

*Roy Taylor*

Sworn to before me on this _____
5th day of __January_____, 20 _16_ .

NOTARY ... 
...
Comm. ...