USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/1/20



| | | |
|---|---|---|
| **JAMES E. JOHNSON**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **AMANDA ROLON**<br>*Assistant Corporation Counsel*<br>phone: (212) 356-2356<br>fax: (212) 356-3509<br>arolon@law.nyc.gov |

September 29, 2020

**VIA ECF**
Honorable Gregory Woods
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMORANDUM ENDORSED**

      Re:    Roy Taylor v. NYPD Officer Alyssa Trigeno, *et al.*,
            16-CV-1143 (GHW)

Your Honor:

      I am an Assistant Corporation Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney assigned to represent the City of New York in the above-referenced matter. I write respectfully in response to the Court's Order dated August 25, 2020 to seek a 90-day extension of the stay in this matter. The undersigned also respectfully request that the Court *sua sponte* stay the instant civil matter as against individually named defendants NYPD Officer Alyssa Trigeno, Sergeant Michael Dunlavey, and Correction Officer Quayyum until the underlying criminal case is resolved. Additionally, the undersigned writes in opposition to plaintiff's motion for leave to amend his complaint filed September 11, 2019. (See ECF No. 95.)

      By way of background, plaintiff alleges, inter alia, that he was unlawfully stopped, searched, and seized by employees of the New York City Police Department on December 25, 2016. (ECF No. 87.) Plaintiff further alleges that he was subjected to excessive force and denied medical care by an employee of the New York City Department of Corrections on January 26, 2016. (Id.) Since its inception, this civil matter has been continuously stayed pending the resolution of the underlying criminal matter. (See Civil Docket Sheet.) Plaintiff filed his first amended complaint on May 9, 2019. (ECF No. 87.) On June 17, 2019, plaintiff filed a second amended complaint in this action. (ECF No. 90.) On September 11, 2019, plaintiff filed the instant

motion to add defendants. (ECF No. 95.) On August 25, 2020, the Court ordered this office to file a motion for stay with the Court, if necessary, by no later than September 29, 2020, and to address defendant City's position as to plaintiff's outstanding motion to add defendants. (See ECF No. 115.) As discussed in defendant City's prior status letter dated July 2, 2020, plaintiff's criminal trial appearance was scheduled for September 22, 2020. However, upon information and belief, the appearance did not occur as scheduled. Instead, plaintiff's court appearance was administratively adjourned until November 4, 2020. Defendant City now submits this request to extend the stay in this matter, and states our opposition to plaintiff's motion to add defendants.

First, the instant action should continue to be stayed pending resolution of plaintiff's criminal matter. "A district court has the discretionary authority to stay a civil action pending the resolution of a parallel criminal proceeding when the interests of justice so require." Johnson v. N.Y. City Police Dep't, 01 Civ. 6570 (RCC) (JCF), 2003 U.S. Dist. LEXIS 12111, *3 (S.D.N.Y. July 16, 2003).[1] "It is well settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings." Estes-El v. Long Island Jewish Medical Center, 916 F. Supp. 268, 269 (S.D.N.Y. 1995) "In exercising its discretion, a court should consider the following factors: (1) the extent to which the issues in the criminal case overlap with the those presented in the civil case; (2) the status of the case, including whether the criminal defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to plaintiff caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest." Johnson, 2003 U.S. Dist. LEXIS 12111 at *3. Here, the six factors weigh in favor of enlarging the current stay.

As an initial matter, the termination of plaintiff's criminal proceeding directly impacts plaintiff's ability to pursue any false arrest and malicious prosecution claims. This is because "[a] conviction establishes that probable cause existed for the underlying arrest. See Cameron v. Fogarty, 806 F.2d 380, 387–88 (2d Cir. 1986); see also Corsini v. Brodsky, 731 Fed. Appx. 15, 18 (2d Cir. 2018) ("[C]onviction of one charge stemming from [the] incident necessarily establishes probable cause for . . . that arrest."). Furthermore, "the existence of probable cause is a complete defense to claims of false arrest and malicious prosecution." Manganiello v. City of New York, 612 F.3d 149, 161–62 (2d Cir. 2010) (quoting Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003). Second, plaintiff's underlying criminal matter remains ongoing. Therefore, should plaintiff's criminal case conclude in a conviction, these claims would be barred. Third, plaintiff is not prejudiced as a result of this stay. Fourth, defendants would be prejudiced by having to litigate claims that could be barred as a matter of law and would also be denied the opportunity to review criminal proceeding documents. Lastly, it is in the best interests of both the courts and the public to stay the action because a conviction in the criminal action could preclude some or all of the plaintiff's claims. Therefore, by staying litigation, the parties could potentially "avoid a wasteful duplication of resources as this Court and the parties would have the benefit of the criminal court's rulings." See Giulini v. Blessing, 654 F.2d 189, 193 (2d Cir. 1981). This request to enlarge the stay pending resolution of the criminal matter is limited to its effect on a probable cause determination.

---

[1] Municipal Defendants provided Plaintiff, pursuant to Local Civil Rule 7.2, copies of all decisions cited herein, which are unreported or reported exclusively on computerized databases.

Likewise, the Court should apply a corresponding stay of the claims against the City, and *sua sponte* C.O. Quayyum, resulting from the incident that allegedly took place on January 26, 2016 in order to avoid an undue burden on defendants to litigate only a portion of the claims. This is particularly true taking into account the unique circumstances and limitations resulting from the novel coronavirus and the work from home mandate, as well as, unprecedented budgetary cuts to other New York City agencies. Specifically, defendant City seeks a corresponding stay of the civil matter as it relates to the alleged D.O.C. incident to allow for defendants to avoid the undue burden of proceeding with discovery on plaintiff's partial claims, including the potential of multiple paper discovery requests and depositions, pending a determination on plaintiff's motion to add defendants, as well as a reconsideration of plaintiff's claims post-adjudication. Furthermore, recent limitations of City agencies juxtaposed against the continued expansion of the instant docket, alleged claims, and named defendants warrant an extended stay until plaintiff's outstanding motion has been decided and/or until the pending criminal proceeding is conclusively terminated.

Additionally, to the extent that plaintiff purports to allege new claims against the City or individual defendants NYPD Officer Alyssa Trigeno, Sergeant Michael Dunlavey, and Correction Officer Quayyum, Defendant City opposes plaintiff's "Motion to Add Other Defendants Acting in Concern to Crimes in Criminal Cases." (ECF No. 95.)[2] First, plaintiff's purported malicious prosecution is not ripe for suit. In his motion, plaintiff purports to add claims of "pre-trial malicious prosecution." As there is no favorable termination as of yet, there is no claim for malicious prosecution. Moreover, plaintiff would not be prejudiced by having to bring these claims after adjudication because a malicious prosecution claim does not begin to toll until termination in plaintiff's favor. See Murphy v. Lynn, 53 F.3d 547, 548 (2d Cir. 1995) ("[F]or claims based in malicious prosecution, this period starts to run only when the underlying criminal action is conclusively terminated."). Therefore, plaintiff should not be permitted to add a malicious prosecution claim against newly identified defendants.

Second, the newly alleged parties and claims concern factual allegations distinct from the claims originally asserted in plaintiff's Complaint. (See ECF No. 2.) Where "proposed new claims bear no relation to the claims [a plaintiff] originally asserted, it would not facilitate resolution, or be an efficient use of judicial resources, for these new claims to be addressed in [the] case." Reynolds v. United States, 06 Civ. 00843 (KMW) (DCF), 2007 U.S. Dist. LEXIS 77726, at *4 (S.D.N.Y. Oct. 18, 2007).[3] Moreover, where "factual and legal dissimilarities between the underlying lawsuit and the proposed claims" are presented in a motion to amend, the motion should be denied and such claims should be "brought as a separate suit and not as part of this case." Amusement Industry, Inc. v. Stern, 07 Civ. 11586 (LAK) (GWG), 2014 U.S. Dist. LEXIS 129275, at *74 (S.D.N.Y. Sept. 10, 2014); see also Order, Towaki Komatsu v. City of New York, et al.,

---

[2] Defendant City does not oppose this motion on behalf of other individually-named defendants —namely, "Plaintiff's Attorneys Alan Gardner, Adam Konta, Attorney Hoffner and the Court Reporter of 53 111 [*sic*] Cetre Street [*sic*] and Supreme Court Judge Rodney…& Judges Wiley, Minnen, & Farber," who are unlikely to be represented by the Office of Corporation Counsel. (See ECF No. 95.) Similarly, defendant City makes no position as to the claims previously asserted against newly added defendants: Judge Jill Konviser, Judge Abraham Clott, and ADA Sharon Arnow. (See ECF No. 90.). Therefore, this office is not in a position to make arguments on their behalf. However, the undersigned notes these claims are likely subject to attorney-client privilege, judicial immunity, and prosecutorial immunity.

Civil Docket 18 Civ. 3698 (LGS) (GWG), Entry No. 51 (S.D.N.Y. Sep. 14, 2018) (denying the plaintiff's request to add new claims and new defendants to the suit because they were not related to the pending action).  Here, plaintiff's original complaint filed February 9, 2016, alleged an unlawful stop, search, and seizure in connection with plaintiff's December 25, 2016 arrest.  Plaintiff also alleged was subjected to excessive force by an employee of the NYC DOC during pre-arraignment detention.[4][5]  The facts surrounding these claims are entirely limited to the respective incident dates and should not extend to include "new" claims resulting from the subsequent adjudication.  Moreover, the rationale for staying the civil matter until resolution of the criminal matter does not extend to provide a blanket extension of time for plaintiff to add claims that are dissimilar to those initially alleged.

Alternatively, should the stay be lifted, defendant City proposes the following briefing schedule:

- Defendant shall file its motion in opposition to plaintiff's amendments by November 19, 2020
- Plaintiff shall file his reply to defendant City's opposition by December 19, 2020

In light of the above considerations, defendant City respectfully request a 90-day enlargement of the stay in this matter.  The undersigned also respectfully request that the Court *sua sponte* stay the instant civil matter as against individually named defendants NYPD Officer Alyssa Trigeno, Sergeant Michael Dunlavey, and Correction Officer Quayyum.

The undersigned thanks the Court for its attention to this matter.

Respectfully submitted,

/s/ *Amanda Rolon*
Assistant Corporation Counsel
Special Federal Litigation Division

**BY FIRST CLASS MAIL**
Roy Joaquin Taylor
Plaintiff *Pro Se*
NYSID: 04528137Q
B&C No. 3291804923
Anna M Kross Center
18-18 Hazen Street
East Elmhurst, NY 11370

In accordance with the Court's August 25, 2020, order, Dkt. No. 115, Plaintiff's opposition to Defendants' request to extend the stay is due no later than October 20, 2020.  If necessary, the Court will hold a conference regarding the motion to extend the stay on November 5, 2020 at 4:30 p.m.  If Plaintiff wishes to respond to Defendants' opposition to his motion to amend the complaint to add additional defendants, he is directed to file his response by October 20, 2020.

Counsel for Defendants is directed to serve a copy of this order on Plaintiff, and to file proof of service.

SO ORDERED.

Dated:  October 1, 2020
New York, New York

_____
GREGORY H. WOODS
United States District Judge

---

[4] Defendant City also interprets plaintiff's complaint to assert claims for deliberate indifference to medical needs and deliberate indifference to safety.

[5] Defendant City also opposes the addition of claims alleged in connection with unrelated arrests. (See ECF No. 95, ¶ 8.)