UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/10/20
```

---------------------------------------------------------- X
                                                           :
  ROY TAYLOR,                                              :
                                                           :
                                                           :
                                          Plaintiff,       :
                                                           :          1:16-cv-01143-GHW
                                                           :
                  -v-                                      :
                                                           :               ORDER
                                                           :
  NYPD OFFICER ALYSSA TRIGENO,                             :
  NYPD SGT. MICHAEL DUNLAVEY,                              :
  RIKERS C.O. QUAYYUM, and CITY OF                         :
  NEW YORK,                                                :
                                                           :
                                                           :
                                         Defendants.       :
                                                           :
---------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

    On November 5, 2020, the Court held a conference regarding Defendants' motion to extend

the stay in this case and Plaintiff's motion to lift the stay. Dkt. Nos. 119, 122. For the reasons

stated on the record, those motions are GRANTED in part and DENIED in part. The stay is lifted

with respect to Plaintiff's claims regarding the alleged January 26, 2016 incident involving Correction

Officer Qayyum. The stay is extended with respect to all other claims because they relate to

Plaintiff's arrest or ongoing criminal proceedings.

    The Court will schedule an initial pretrial conference by separate order to be entered today.

    On November 30, 2020, Defandant Qayyum requested leave to file a motion to dismiss.

Dkt. No. 131. The deadline for Defendant Qayyum to file his motion to dismiss is December 30,

2020. Plaintiff's opposition is due no later than February 1, 2021; Defendant's reply, if any, is due no

later than February 15, 2020. In his brief in support of his motion to dismiss, Defendant Qayyum is
```

expected to address the allegations in Plaintiff's original complaint, Dkt. No. 2, including, but not limited to, whether the Court should consider them.[1]

On October 25, 2020, Plaintiff submitted a letter requesting judicial intervention as a result of his allegedly being denied access to the law library.  Dkt. No. 126.  That letter was not entered on the docket until November 17, 2020.  In the interim, the Court and the parties discussed Plaintiff's lack of law library access at the November 5, 2020 conference.  Defendants undertook to look into the issue.  The Court will follow up at the initial pretrial conference.

In light of the partial lift of the stay, the Court will solicit briefing on Plaintiff's pending motions for leave to amend his complaint.  Dkt. Nos. 95, 127.  Defendants' opposition is due no later than December 30, 2020.  Plaintiff's reply, if any, is due no later than February 1, 2021.

The Clerk of Court is directed to lift the stay in this case, to the extent described in this order.  The Clerk of Court is further directed to terminate the motions pending at Dkt. Nos. 119, 122, and 131.

SO ORDERED.

Dated:  December 10, 2020

_____
GREGORY H. WOODS
United States District Judge

---

[1] When the plaintiff is pro se, some courts "will consider facts from the [p]laintiff's [previous complaint] that have not been repeated in the [amended complaint]."  *Washington v. Westchester Cnty. Dep't of Corr.*, No. 13-cv-5322 (KPF), 2015 WL 408941, at *1 n.1 (S.D.N.Y. Jan. 30, 2015) (citations omitted); *see also, e.g., Little v. City of New York*, No. 13-cv-3813 (JGK), 2014 WL 4783006, at *1 (S.D.N.Y. Sept. 25, 2014) ("The plaintiff thus appears to believe that the Amended Complaint supplements, rather than replaces, the Original Complaint.  Because the plaintiff is proceeding pro se, the Court will consider the Original Complaint and the Amended Complaint together as the operative pleading."); *Fleming v. City of New York*, No. 10-cv-3345 (AT), 2014 WL 6769618, at *3 (S.D.N.Y. Nov. 26, 2014) ("Even though an amended complaint ordinarily supersedes the original and renders it of no legal effect, the Court considers both Plaintiff's original and amended complaints.") (internal quotation marks omitted)); *Camarano v. City of New York*, 624 F. Supp. 1144, 1147–48 (S.D.N.Y. 1986) (a pro se civil rights complaint "must be given the benefit of incorporation") (internal quotation marks and citation omitted).