USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/3/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                                                   :
ROY TAYLOR,                                         :
                                                                                   :
                                                       Plaintiff,  :          1:16-cv-1143-GHW
                                                                                   :
                            -v -                                       :              <u>ORDER</u>
                                                                                     :
NYPD OFFICER TRIGENO, et al.,                 :
                                                                                    :
                                                        Defendants.  :
                                                                                    :
-------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

       The Court will hold a teleconference regarding Defendants' request that the Court order Plaintiff to execute a medical release and extend the discovery deadlines on August 26, 2021 at 3:00 p.m. Defendants are directed to the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for the dial-in number and other relevant instructions. Defendants are specifically directed to comply with Rule 2(C) of the Court's Emergency Rules.

       IT IS ORDERED that the Warden or other official in charge of the Anna M. Kross Center produce Roy Taylor, NYSID 04528137Q, B&C No. 3291804923, on August 26, 2021, no later than 3:00 p.m., to a suitable location within the Anna M. Kross Center that is equipped with a telephone, for the purpose of participating by telephone in a conference with the Court and defense counsel. If this time and date presents an inconvenience, the Warden or the Warden's designee should promptly inform Chambers by calling the Courtroom Deputy at (212) 805-0296.

       Defense counsel must: (1) send this order to the Warden immediately; (2) contact the correctional facility identified above to determine the telephone number at which the plaintiff will be reachable at the time and date of the conference; and (3) telephone the Court with the plaintiff on the line at the time and date of the conference.

The Clerk of Court is directed to mail a copy of this order to Plaintiff by certified mail.

SO ORDERED.

Dated: August 3, 2021  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge

Revised November 14, 2019

# INDIVIDUAL RULES OF PRACTICE IN CIVIL *PRO SE* CASES

### Gregory H. Woods, United States District Judge

**Pro Se Office**
United States District Court
Southern District of New York
500 Pearl Street, Room 200
New York, NY 10007
(212) 805-0175

**Unless otherwise ordered, these Individual Practices apply to all civil *pro se* matters before Judge Woods. These are rules that the parties in *pro se* matters must follow, unless the Court orders otherwise. The Court's website also contains useful information regarding the litigation process for parties who are proceeding *pro se*. The Court recommends that *pro se* litigants take advantage of that resource, which is available at https://nysd.uscourts.gov/sites/default/files/practice_documents/ghwIndividualRulesOfPracticeInCivilProSeCases.pdf.**

1. **Communications with Chambers**

    A. **By a *Pro Se* Party.** All communications with the Court by a *pro se* party must be hand delivered or mailed to the Pro Se Office, United States Courthouse, 500 Pearl Street, Room 200, New York, NY 10007, and must include an Affidavit of Service or other statement affirming that the *pro se* party sent a copy to all other parties or to their counsel if they are represented. No document or filing should be sent directly to Chambers. Absent a request to file a communication under seal, the parties should assume that any communication with the Court will be placed on the public docket.

    B. **By Parties Represented by Counsel.** Except as otherwise provided below, communications with the Court by a represented party are governed by Judge Woods's Individual Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-gregory-h-woods.

    C. **Requests for Adjournment or Extensions of Time.** All requests for adjournments or extensions of time must be made by letter and must state: (1) the original due date; (2) the number of previous requests for adjournment or extension of time; (3) the reason for the current request; (4) whether the adversary consents and, if not, the reason given by the adversary for refusing to consent; and (5) proposed alternative dates. If the requested adjournment or extension affects any other scheduled dates, a *pro se* party may, but is not required to, submit a proposed Revised Civil Case Management Plan and Scheduling Order. Absent an emergency, the request must be made at least two business days prior to the original due date.

2. **Filing and Service of Papers**

   A. **Papers Filed by *Pro Se* Parties.**  All papers to be filed with the Court by a *pro se* party, along with any courtesy copies of those papers, should be delivered in person or sent by mail to the Pro Se Office, United States Courthouse, 500 Pearl Street, Room 200, New York, NY 10007.  All papers must be accompanied by an Affidavit of Service or other statement affirming that the *pro se* party sent copies to all other parties or to their counsel if they are represented.

   B. **ECF Filing by *Pro Se* Parties.**  *Pro se* parties may be able to participate in electronic case filing, so that they can file documents with the Court electronically, and receive service of Court filings electronically.  Any *pro se* litigant who wishes to participate in electronic case filing must file a Motion for Permission for Electronic Case Filing (available at https://nysd.uscourts.gov/sites/default/files/2018-06/proseconsentecfnotice-final.pdf and in the Pro Se Office) and deliver a paper copy of the Motion to the other parties.

   C. **Service on *Pro Se* Parties.**  Except for cases in which the *pro se* party has received permission to participate in electronic case filing, counsel in cases involving *pro se* parties must serve the *pro se* parties with paper copies of any document that is filed electronically and must file with the Court a separate Affidavit of Service.  Submissions filed without such proof of service will not be considered.

   D. **Docketing of Communications with the Court.**  Absent a request to file a communication with the Court under seal, the Court will docket any substantive communication with the Court on ECF, a publically accessible database.

   E. **Sensitive Information.**  Unless relevant to the case, parties must not include in submissions to the Court (1) social security numbers; (2) names of minor children; (3) dates of birth; (4) financial account numbers; or (5) home addresses.  *Pro se* parties wishing to file a document already containing this information must submit a redacted version to the Pro Se Office.  If this information is relevant to the case, the filing party must request permission from the Court prior to filing and explain why the information needs to be included.  More information regarding the Southern District's privacy policy is available at https://nysd.uscourts.gov/privacy-policy.

   F. **Redactions and Filing Under Seal.**  In limited circumstances, the Court may grant leave to a party to either redact information other than the sensitive information described in the preceding paragraph, or to file a document under seal.  Information contained in a redacted or sealed document authorized by the Court is generally made available to the other parties in the case.  Judge Woods has rules regarding redactions and filing under seal, which must be followed.  Those rules are contained in Judge Woods's Individual Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-gregory-h-woods.

3. **Initial Case Management Conference**

   The Court will generally schedule an initial case management conference within three months of the filing of the complaint. An incarcerated party will generally not be able to attend this or other conferences, but will have the opportunity to participate by telephone. If a family member or friend of an incarcerated party wishes to attend the conference, that person may contact Anthony Daniels, Courtroom Deputy, at (212) 805-4233, to get the location of the conference.

4. **Discovery**

   All discovery requests, and responses to discovery requests, must be sent to counsel for the opposing party. Discovery requests, and responses to discovery requests, should *not* be sent to the Court or the Pro Se Office.

5. **Motions**

   A. **Filing and Service.** Unless otherwise ordered by the Court, papers filed in opposition to a motion must be served and filed within four weeks of service of the motion papers, and reply papers, if any, must be served and filed within two weeks of receipt of opposition papers.

   B. **Courtesy Copies.** One courtesy copy of all formal motion papers, marked as such, should be submitted to Chambers *by the non-pro se party* at the time the reply is due. Courtesy copies should not be submitted to chambers at the time of filing. If all parties are *pro se*, then courtesy copies of formal motion papers are not required.

   C. *Pro Se* **Notices.** Parties who file a motion to dismiss, a motion for judgment on the pleadings, or a motion for summary judgment must provide the *pro se* party with a copy of the notices required under Local Civil Rules 12.1 or 56.2.

   D. **Oral Argument.** The Court does not generally hear oral argument in *pro se* matters. Unless otherwise ordered by the Court, the parties should not anticipate oral argument.

6. **Trial Documents**

   A. **Pretrial Statement.** Unless otherwise ordered by the Court, within 30 days of the completion of discovery, the plaintiff in a *pro se* case must file a concise, written Pretrial Statement. This Statement need take no particular form, but it must contain the following: (1) a statement of the facts the plaintiff hopes to prove at trial; (2) a list of all documents or other physical objects that the plaintiff plans to put into evidence at trial; and (3) a list of the names and addresses of all witnesses the plaintiff intends to have testify at trial. The Statement must be sworn by the plaintiff to be true and accurate based on the facts known by the plaintiff. If *pro se*, the plaintiff must file an original of this Statement, plus two courtesy copies, with the Pro Se Office and serve a copy on all defendants or their counsel if they are represented. The original Statement must include an Affidavit of Service or other

statement affirming that the plaintiff sent copies to all other parties or to their counsel if they are represented. Two weeks after service of the plaintiff's Statement, the defendant must file and serve a similar statement containing the same categories of information.

B. **Other Pretrial Filings.** If the case is to be tried before only a judge without a jury, any parties represented by counsel must also file proposed findings of fact and conclusions of law at the time of filing the Pretrial Statement. If the case is to be tried before a jury, any parties represented by counsel must also file proposed *voir dire* questions, a proposed jury charge, and a proposed verdict form at the time of filing the Pretrial Statement. The *pro se* party may, but is not required to, file such documents.