USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/21/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ROY TAYLOR,                                            :
                                                       :
                                        Plaintiff,     :
                                                       :          1:16-cv-1143-GHW
                    -against-                          :
                                                       :     MEMORANDUM OPINION &
NYPD OFFICER ALYSSA TRIGENO, NYPD                      :            ORDER
SGT. MICHAEL DUNLAVEY, RIKERS C.O.                     :
QUAYYUM, and CITY OF NEW YORK,                         :
                                                       :
                                        Defendants.    :

------------------------------------------------------------X

GREGORY H. WOODS, District Judge:

Plaintiff Roy Taylor, proceeding *pro se*, filed this civil rights lawsuit asserting claims related to

his December 26, 2015 arrest and subsequent incarceration at Rikers Island.  Mr. Taylor seeks leave

to amend his complaint to add new claims arising from the prosecution of his underlying criminal

case in New York State court.  Because Mr. Taylor has not provided a copy of his proposed

amended pleadings to the Court, his applications to amend the complaint are denied.

I.    **Background**

On February 9, 2016, Plaintiff filed a complaint (the "Complaint") alleging civil rights

violations against the City of New York, two New York City Police Department ("NYPD") officers,

and Rikers Correction Officer Quayyum ("C.O. Quayyum").  Complaint ("Compl."), Dkt. No. 2, at

1, 2.[1]  In his Complaint, Plaintiff asserted a number of claims related to his alleged false arrest on

December 26, 2015.  *Id.* at 8–10.  In the same Complaint, Plaintiff also asserted claims arising from

an incident that occurred a month after his alleged false arrest, while he was a pre-trial detainee at

Rikers Island.  In that incident, Plaintiff asserts, C.O. Quayyum used pepper spray on another

---

[1] The Court refers to the relevant ECF page number when citing to Mr. Taylor's complaint.

inmate, injuring Plaintiff, and then denied Plaintiff medical treatment (the "Pepper Spray Incident"). *Id.*

### a.   Stay of the Action

On June 3, 2016, Judge Richard Sullivan, who was presiding over this matter at the time, ordered that the action be stayed pursuant to *Wallace v. Kato*, 549 U.S. 384 (2007), during the pendency of Plaintiff's criminal prosecution in New York State court.  Dkt. No. 9, at 1.

On December 12, 2020, after the case was reassigned, this Court found that Plaintiff's interest in expeditiously litigating his claims weighed in favor of lifting the stay with respect to the Pepper Spray Incident.  Because those claims did not relate to Plaintiff's ongoing criminal prosecution in state court, the Court concluded that they could proceed without potentially interfering with Plaintiff's still-pending criminal case.  Dkt. No. 132.  The stay remained in place for Plaintiff's other claims because they implicated the ongoing criminal proceedings.  *Id.*

### b.   Amendments to the Complaint

Over the last five years, Plaintiff has sought leave to amend his complaint on several occasions.  Dkt. Nos. 10, 22, 75, 79.  Some were denied by Judge Sullivan.  On March 11, 2019, this Court granted Plaintiff leave to file an amended complaint.  Dkt. No. 80.  The Court granted Plaintiff's request despite Plaintiff's failure to provide the Court with a copy of his proposed amended pleading.  *Id.*  Following the Court's order granting Plaintiff leave to amend, Plaintiff filed an incomplete amended complaint (the "First Amended Complaint"), which did not include all of Plaintiff's claims.  First Amended Complaint, Dkt. No. 87.  In particular, it did not include any of the allegations regarding the Pepper Spray Incident.  *Id.*  The following month, without leave of court, Plaintiff filed an "addendum" to his amended complaint (the "Second Amended Complaint"), which attached his First Amended Complaint but once again did not include all of the allegations

from his first complaint.  Second Amended Complaint, Dkt. No. 90.  Mr. Taylor has now filed three complaints in this matter, none of which stand on its own.

Since filing the Second Amended Complaint, Plaintiff has filed two motions to further amend his complaint.  Dkt. Nos. 95, 127.  The Court construes his current motions as requesting leave to add claims relating to his ongoing criminal case and to add as defendants a number of individuals allegedly involved in those proceedings, including New York State judges, his criminal defense attorneys, and the former Governor of the State of New York, Andrew Cuomo. [2]  Dkt. No. 95, at 1; Dkt. No. 127, at 3.  Defendants have opposed Plaintiff's motions.  Dkt. No. 138.

## II.    Legal Standard

Federal Rule of Civil Procedure 15(a)(2) requires that the Court "freely give leave [to amend] when justice so requires."  Nonetheless, "it is within the sound discretion of the district court to grant or deny leave to amend."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  "Leave to amend, though liberally granted, may properly be denied for:  undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, [or] futility of amendment."  *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted).

Under Federal Rule of Civil Procedure 7(b), a pleading must "state with particularity the grounds" for the relief sought.  In the context of a motion to amend a pleading, "this command generally requires a movant to supply a copy of the proposed amendment . . . 'so that both the Court and the opposing parties can understand the exact changes sought.'"  *Bankr. Tr. of Gerard*

---

[2] Because a Section 1983 claim relating to an arrest or criminal proceeding may accrue before the criminal case is resolved, the Court takes up Plaintiff's motion despite the stay.  *See Wallace*, 549 U.S. at 388 ("It is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.") (cleaned up).

*Sillam v. Refco Grp., LLC*, No. 05 CIV. 10072(GEL), 2006 WL 2129786, at *5 (S.D.N.Y. July 28, 2006) (quoting *Smith v. Planas*, 151 F.R.D. 547, 550 (S.D.N.Y.1993)).  "[A]n amended complaint ordinarily supercedes the original, and renders it of no legal effect."  *Fenner v. News Corp.*, No. 09 Civ. 9832 (BSJ)(RLE), 2011 WL 13359351, at *2 (S.D.N.Y. Apr. 26, 2011) (internal citation omitted).

Because Plaintiff is proceeding *pro se*, the Court liberally construes his submissions and "interpret[s] [them] to raise the strongest arguments that they suggest."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotations omitted) (original emphasis omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed . . . .'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.   Discussion

Because Plaintiff has not presented his proposed amended pleading to the Court for evaluation, his motions to amend the complaint are denied without prejudice.  Without the proposed amended complaint[3], the Court cannot evaluate whether the claims Plaintiff seeks to add would be futile, or would be inappropriate for any other reason.  Defendants raise substantial questions about the futility of some of Plaintiff's allegations. *See, e.g.*, Defs.'s Mem. of Law in Opp'n to Pl.'s Mot. to Amend, Dkt. No. 138, at 2 (suggesting that Plaintiff's motion seeks to assert "an unripe malicious prosecution claim against judges afforded absolute immunity.").  These questions cannot be examined in the abstract.

This is not the first time Plaintiff has been alerted to the general rule that a motion to amend must be accompanied by a proposed amended pleading.  Judge Sullivan alerted Plaintiff to this issue

---

[3] Plaintiff's November 17, 2020 motion contains a section he titles "Cause of Action" which lists a single allegation. Dkt. No. 127, at 3.  This allegation is not embedded into a proposed amended complaint and is incomplete on its own. An amended complaint "must tell the Court:  who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief."  *Taylor v. Advent Prod. Dev.*, No. 19-CV-3570 (CM), 2019 WL 2053993, at *2 (S.D.N.Y. May 9, 2019), *reconsideration denied*, No. 19-CV-3570 (CM), 2019 WL 2281279 (S.D.N.Y. May 29, 2019).

when denying one of Plaintiff's earlier motions to amend the complaint.  Judge Sullivan explained that failure to "attach a copy of [the] proposed amended complaint . . . is reason to deny [the] motion . . . ."  Dkt. No. 25, at 3.

Attaching a proposed amended complaint to a motion to amend avoids confusion by ensuring that a plaintiff consolidate his claims into a single, operative pleading.  The Court strayed from that general rule, and, acting leniently given Plaintiff's *pro se* status, granted Plaintiff leave to amend his complaint without requiring that he first provide a copy of the proposed amended complaint to the Court for review.  Dkt. No. 80.  The Court's decision to do so has led to some confusion and inefficiency.  Because in response to the Court's order, Plaintiff has filed two incomplete amended pleadings that supplement, rather than supersede, the original complaint.  Dkt. Nos. 87, 90.  The confusion this caused is evident from the parties' briefing on Defendants' most recent motion to dismiss.  *See* Defs.' Mem. of Law in Supp. of Mot. to Dismiss, Dkt. No. 135, at 6–7 (noting that Plaintiff's operative pleading contains no "facts or claims concerning City defendants" or the incident at Rikers); *see also* Pl.'s Mem. of Law in Opp'n to Defs.' Mot. to Dismiss, Dkt. No. 150, at 1, 3 (noting that his original complaint "set forth the facts" of the incident at Rikers and that "[a]lthough I, Plaintiff, did amend his complaint several times" such amendments did not "take away from the original pleading filed.").  To avoid similar confusion in the future, the Court is now enforcing the normal rule from which it previously strayed:  Plaintiff must submit a copy of his proposed amended pleading together with any application for leave to amend the complaint.

If Plaintiff chooses to renew his motion for leave to amend the complaint, he should bear in mind the limitations of this Court's power to involve itself in his criminal case.  This Court does not have the authority to review every decision made in a state court proceeding.  This Court is not a parallel court of appeals for the state court.  "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from

interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971).  This is principally because the federal courts must avoid undue interference "with the legitimate activities of the States" and "should not act to restrain a criminal prosecution[] when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief."  *Id.* at 43–44.  This Court has stayed the claims arising from Plaintiff's arrest and ongoing criminal proceedings for a similar reason:  federal district courts "may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings."  *Estes-El v. Long Island Jewish Med. Ctr.*, 916 F. Supp. 268, 269 (S.D.N.Y. 1995).  Plaintiff should also note that state court judges are generally immune from suit for actions taken within the scope of their judicial responsibilities.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  "[E]ven allegations of bad faith or malice cannot overcome judicial immunity."  *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009).

## IV.    Conclusion

The Court denies Plaintiff's requests without prejudice.  Should Plaintiff wish to file a renewed motion to amend his complaint, his motion must attach the proposed amended complaint, which would supersede all previously filed complaints.  "Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint."  *Advent Prod. Dev.*, 2019 WL 2053993, at *2.  A proposed amended pleading must include any new claims Plaintiff wishes to bring as well as all claims previously pleaded that Plaintiff still wishes to pursue.  Previously pleaded claims not included in an amended complaint are forfeited.

The Court requests that counsel for Defendants provide Plaintiff with copies of unpublished cases cited in this decision pursuant to Local Rule of the United States District Courts for the Southern and Eastern Districts of New York 7.2.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motions pending at docket numbers 95 and 127 and to mail a copy of this order to Plaintiff by first class and certified mail.

SO ORDERED.

Dated:  December 21, 2021
New York, New York

_____
GREGORY H. WOODS
United States District Judge