```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
ROY JOAQUIN TAYLOR,                                               :
                                                                  :
                                      Plaintiff,                  :    1:16-cv-01143-GHW
                                                                  :
                 -v –                                             :    ORDER
                                                                  :
CITY OF NEW YORK, et al.,                                         :
                                                                  :
                                      Defendants.                 :
                                                                  :
----------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/30/2024

GREGORY H. WOODS, United States District Judge:

On December 22, 2023, Plaintiff filed a motion to "sever [and] render decision for punitive damages for Qayyum's attorney not being forthcoming on interrogatories." Dkt. No. 284. The Court construes Plaintiff's motion as a motion for sanctions against counsel for Defendant Officer Quayyum for a purported misrepresentation in Defendant C.O. Quayyum's discovery responses. *Id.* Plaintiff objects that, in response to his interrogatory on whether Defendant Qayyum was ever "involved in the use of chemical agent against any other detainee in the past," Defendants responded "no," which he contends is a lie. *Id.*

On December 26, 2023, the Court directed that Defendants file a response by January 5, 2024, and that any reply from Plaintiff be filed by January 12. Dkt. No. 285. Defendants filed a response on January 5, 2024. Dkt. No. 286. Plaintiff did not file a reply.

"Sanctions may be authorized by any of a number of rules or statutory provisions, or may be permissible on the basis of the court's inherent powers." *Sakon v. Andreo*, 119 F.3d 109, 113 (2d Cir. 1997). "Federal Rules of Civil Procedure 26(g) and 37 represent the principal enforcement power to punish discovery abuse." *Yukos Capital S.A.R.L. v. Feldman*, 977 F.3d 216, 236–37 (2d Cir. 2020) (citation omitted).

"Rule 26(g) is intended to deter and curb discovery abuses, including evasive responses, by 'explicitly encouraging the imposition of sanctions.'" *Kiobel v. Royal Dutch Petroleum Co.*, No. 02-cv-7618 (KMW)(HBP), 2009 WL 1810104, at *2 (S.D.N.Y. June 25, 2009) (quoting Fed. R. Civ. P. 26 advisory committee's note). Rule 26(g) requires that "[e]very disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name." Fed. R. Civ. P. 26(g)(1). By signing a response to a discovery request, an attorney certifies that to the best of her "knowledge, information, and belief formed after a reasonable inquiry," the response is (1) consistent with the Federal Rules of Civil Procedure and justified under existing law; (2) not interposed for any improper purpose, such as to unnecessarily delay or needlessly increase the costs of litigation; and (3) reasonable given the importance of the issue and the circumstances of the case. *Kiobel*, 2009 WL 1810104, at *2 (quoting Fed. R. Civ. P. 26(g)(1)).

The certification requirement "obliges each attorney to stop and think about the legitimacy of the discovery request, a response thereto, or an objection." *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Emps. & Rest. Emps. Int'l Union*, 212 F.R.D. 178, 219 (S.D.N.Y. 2003) (quoting Fed. R. Civ. P. 26(g), advisory committee's note to 1983 Amendment). "Rule 26(g) does not require the signing attorney to certify the truthfulness of the client's factual responses to a discovery request." *Kiobel*, 2009 WL 1810104, at *2 (quotation omitted). Instead, under Rule 26(g), attorneys may rely on the representations of their clients, so long as they have made a reasonable inquiry to verify the information in the pleadings that the attorney has signed. Fed. R. Civ. P. 26(g)(1). "An attorney's inquiry . . . including her investigation and her resulting conclusions [satisfies Rule 26(g) if the inquiry] was objectively reasonable under the circumstances." *Kiobel*, 2009 WL 1810104, at *2 (citing Fed. R. Civ. P. 26(g) advisory committee's note); *see also Quinby v. WestLB AG*, No. 04-cv-7406 (WHP)(HBP), 2005 WL 3453908, at *4 (S.D.N.Y. Dec. 15, 2005) ("Ultimately, what is reasonable is a matter for the court to decide on the totality of the circumstances.'").

Defendants provide the relevant portion of Plaintiff's interrogatory and Defendants' response, as follows:

> *Plaintiff's Interrogatory No. 10:* "Since being a C.O. with NYC DOC how many incidents you've been in where you used chemical agent? Answer."
>
> *Defendants' response:* "Defendants object to Interrogatory No. 10 on the grounds that it is overbroad, not sufficiently limited in time or scope, and to the extent that it seeks information that is not proportional to the needs of this case as set forth in FRCP 26(b)(1) as it is requesting information beyond the subject matter of this lawsuit, to the extent that this request seeks information not relevant to plaintiff's claims or any defenses, and is not reasonably calculated to lead to discovery of admissible evidence. Defendants also object on the grounds that this request is outside the scope of Local Rule 33.3. Defendants further object to the extent it seeks information subject to the official information privilege, law enforcement privilege, and that implicates the privacy and security concerns of non-parties."

Dkt. No. 286 at 2.[1] In short, contrary to Plaintiff's assertion, Defendants represent that they did not answer "no" or otherwise deny Mr. Quayyum's use of a chemical spray. *Id.* In fact, Defendants do not deny that Mr. Quayyum used a chemical spray against another inmate. *Id.* Plaintiff fail to provide a copy of Defendants' allegedly false statements and, in failing to reply, does not refute Defendants' copy of their responses to his interrogatory. Plaintiff has not identified any misrepresentations by Defendants in their discovery responses, much less one warranting sanctions under Federal Rule of Civil Procedure 26(g).

Accordingly, Plaintiff has failed to show that sanctions are warranted against Mr. Quayyum or his counsel, and Plaintiff's motion for sanctions is denied. Dkt. No. 284.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 284.

SO ORDERED.

Dated: January 30, 2024
       New York, New York

_____
GREGORY H. WOODS
United States District Judge

---

[1] Defendants state in their letter response that the full set of Plaintiff's First Set of Interrogatories and Defendants' responses are attached in full to their letter as Exhibits A and B. Dkt. No. 286 at 1. The Court sees no attached exhibits to Defendants' letter.

3