Case 1:16-cv-01143-GHW   Document 293   Filed 03/05/24   Page 1 of 4

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/5/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
ROY JOAQUIN TAYLOR,                                            :
                                                               :
                                         Plaintiff,            :    1:16-cv-01143-GHW
                                                               :
                       -v-                                     :    ORDER
                                                               :
CITY OF NEW YORK, *et al.*,                                    :
                                                               :
                                         Defendants.           :
                                                               :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

      Plaintiff Roy Joaquin Taylor, proceeding *pro se*, previously moved for sanctions against counsel for Defendant Officer Quayyum for a purported misrepresentation in discovery responses. Dkt. No. 284. Plaintiff argued that, in response to his interrogatory on "whether the Defendant Quayyum ever were involved in the use of chemical agent against any other detainee in the past," Officer Quayyum had falsely answered "no." *Id.* In response, Defendants (on behalf of the City of New York and Officer Quayyum) disputed Plaintiff's characterization, noting that the record plainly shows, and Defendants have not disputed, that Officer Quayyum used a chemical agent spray against another inmate. Dkt. No. 286 at 2. Defendants also noted that Plaintiff had mischaracterized his interrogatory and provided the relevant text of the interrogatory and response of the parties. *Id.* Having considered the parties' briefing on the issue, as well as Plaintiff's interrogatory and Officer Quayyum's responses in relevant part, the Court denied Plaintiff's motion on December 26, 2023. Dkt. No. 288.

      Plaintiff has now filed a "motion request to object & to reconsider ordering pay per diem basis monetay [*sic*] penalties for current evasiveness & future penalties," objecting to the Court's December 26 order and arguing that Officer Quayyum's interrogatory response was "evasive." Dkt. No. 290. Defendants the City of New York and Officer Trigeno oppose, arguing that Plaintiff's

motion is an improper motion for reconsideration. Dkt. No. 291. The Court also construes Plaintiff's filing as a motion to reconsider the Court's December 26 order.

Federal Rule of Civil Procedure 60(b) permits a court to "relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Local Rule 6.3 of the Southern District of New York permits parties to, within 14 days of a court's order, file "a notice of motion for reconsideration or reargument" of that motion.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Bartlett v. Tribeca Lending Corp.*, No. 18-cv-10279, 2019 WL 1595656, at *1 (S.D.N.Y. Apr. 12, 2019) (noting that a party moving for reconsideration of a previous order must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it). "A motion to reconsider will not be granted where the moving party is merely trying to relitigate an already decided issue," *Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258–59 (S.D.N.Y. 2009), because "reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (internal quotation marks and citation omitted). Ultimately, "[t]he decision to grant or deny a motion for reconsideration rests within 'the sound discretion of the district court.'" *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

Motions filed by *pro se* litigants are liberally construed and interpreted "to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ." (citation omitted)); *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) ("Where . . . the complaint was filed *pro se*, it must be construed liberally to raise the strongest arguments it suggests." (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013))). However, "the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks and citation omitted); *see also Rahman v. Schriro*, 22 F. Supp. 3d 305, 310 (S.D.N.Y. 2014) ("[D]ismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997))).

The Court liberally construes Plaintiff's motion and the arguments contained within with the special solicitude afforded to *pro se* litigants. Nonetheless, the Court finds no legal or factual error or other grounds to reconsider its original conclusion from the December 26 order. Plaintiff takes issue with Officer Quayyum's "evasive" interrogatory response, arguing Officer Quayyum should have responded directly to Plaintiff's interrogatory rather than raising an objection to it. Dkt. No. 290 at 1. Even under the Court's liberal construction of Plaintiff's arguments, Plaintiff does not raise any new or overlooked law, facts, or other details that affects the Court's analysis and conclusion in the December 26 order.

Further, Plaintiff's motion must be denied for the separate reason that it is untimely. Plaintiff's motion comes almost two months after the Court's December 26 order and significantly exceeds the 14 days permitted by the Local Rules. *See* Local Rule 6.3; *see also SBC 2010-1, LLC v. Morton*, 552 F. App'x 9, 11–12 (2d Cir. 2013) (summary order) (affirming denial of motion for

3

reconsideration in part because, "[t]o the extent that the motion was brought under the local rule, it was time-barred"). Plaintiff's objections are also untimely because discovery—and therefore, the time to raise discovery-related disputes—is long over: the deadline for the completion of fact discovery was over two years ago, on January 14, 2022, Dkt. No. 195, and the Court has ruled on Defendants' motion for summary judgment arising out of events surrounding Officer Quayyum's actions at issue, Dkt. Nos. 231, 282. Plaintiff's time to raise discovery-related disputes to this Court has long since expired. *See, e.g.*, *Takeda Chem. Indus., Ltd. v. Mylan Lab'ys., Inc.*, No. 03 Civ. 8250 (DLC), 2006 WL 83112, at *1 (S.D.N.Y. Jan. 12, 2006) (denying motion in limine as "an untimely discovery dispute" given fact discovery had already closed and party had raised arguments during discovery period). *See generally McDonald v. Head Criminal Court Supervisor Officer,* 850 F.2d 121, 124 (2d Cir. 1988) ("[W]hile *pro se* litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including *pro ses*, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions.").

Accordingly, Plaintiff's motion for reconsideration is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 290 and mail a copy of this order to Plaintiff.

SO ORDERED.

Dated: March 5, 2024
New York, New York

GREGORY H. WOODS
United States District Judge